## Muirhead *against* Kirkpatrick.

A set-off is in the nature of a cross-action, and may be withdrawn, in analogy to suffering a nonsuit, where the evidence is found to be too weak to support it: but like a nonsuit, the withdrawal of it ought to be explicit.

ERROR to the District Court of *Lancaster* county.

William Muirhead against William Kirkpatrick. This was an action of debt founded on a promissory note not exceeding $372.44. The defendant pleaded payment and set-off. On the trial the defendant gave in evidence an account of Ephraim Kirkpatrick against the plaintiff, which had been assigned to William Kirkpatrick the defendant before suit brought, amounting to $192.50. To repel the effect of the evidence of this set-off, the plaintiff gave in evidence the record of another action between the same parties brought to the same term, which had been referred to arbitrators, who made an award in favour of the plaintiff for $187.80, from which there was no appeal. The plaintiff in this suit called witnesses to prove that the set-off now given in evidence was claimed by the defendant and passed upon by the arbitrators in the former suit: what did occur before the arbitrators was testified to as follows:

S. Parke, Esq. sworn. I was employed by William Kirkpatrick in a suit when the arbitrators met at Kauffman's. Whitehill, Carpenter and Musser were arbitrators. Mr Frazer gave in evidence the note, which we didn't deny. I then rose and stated what our defence would be. Mr Johnson was called and proved the execution of this assignment. I then called Ephraim Kirkpatrick. Mr Frazer asked me what I intended to prove by Kirkpatrick. I mentioned that we intended to prove the various matters and items of the account assigned. Mr Frazer objected, and we made, I think, two speeches. The arbitrators then went out to consult on the objection. Afterwards they returned, and Squire Musser, who had taken this assignment, laid it on the table and said, " we have agreed to dispense with the testimony of Kirkpatrick." I then said, " we will then dispense with our further attendance upon the arbitrators," and I then took up this paper and the other papers, put them in my pocket, and left the

room, followed by Kirkpatrick, and, I believe, his witnesses. This assignment was not given in evidence at all. The execution was proved, as I have stated, of the assignment, and when I was proceeding to prove by Ephraim Kirkpatrick the several matters and items, the objection was made to his testifying, which we discussed. Mr Frazer and myself both read the assignment in the course of our speeches and commented upon it, but it was not given in evidence.

Cross-examined. In my opening of the defence, I stated at large and some length what we would prove: that there was a company, of which Mr Muirhead's son was a member, who sold out a number of machines and other articles to William Kirkpatrick and his brother Ephraim, to have them at Reading, and his brother those at Allentown and Easton, and took their joint notes; and that we claimed as a set-off the amount of the bill which Ephraim had assigned to his brother.

The defendant requested the court to charge the jury upon the following point:

That although the defendant's counsel did propose to set-off the claim now given in evidence by defendant, in a former suit before arbitrators between the same parties, yet if he withdrew the same, together with his whole defence, (and himself and his client,) before the claim was proved and admitted in evidence, and if the arbitrators, therefore, never did examine said claim, and pass or adjudicate upon it or any part of it, then such claim is not heard by the former trial, and may be adduced in the present suit, if otherwise justly due; of all which facts the jury are to judge and decide.

The court below answered the proposition in the affirmative, and added: "Whether the matters of set-off given in evidence here, were heard, passed upon and decided by the arbitrators in the suit to June 1842, No. 45, or not, is a question of fact to be determined by the jury according to the evidence. The rule of law is, that a decree or judgment of a court of competent jurisdiction, between the same parties, on the same subject-matter or right, is conclusive; and this rule applies to an award of arbitrators unappealed from, and to a set-off heard, passed upon and decided by such arbitrators. It does not apply to a set-off presented to the arbitrators, but withdrawn, and not passed upon or decided by them."

This direction of the court was the subject of the assignment of error.

*Frazer*, for plaintiff in error, cited 11 *Mass.* 445.

*Amwake* and *Stevens*, contra, cited 13 *Serg. & Rawle* 246; 9 *Watts* 567; 9 *Serg. & Rawle* 429.

[Muirhead v. Fitzpatrick.]

PER CURIAM. — There was no evidence of withdrawal to warrant the leaving of the fact to the jury. The set-off was claimed, and evidence was given in support of it; but the principal witness being deemed incompetent, the defence was abandoned, and the defendant's counsel retired. Had he meant to reserve the demand for a separate action, he would have said so; but he did not, and the arbitrators consequently passed upon it. A set-off is in the nature of a cross action, and may be withdrawn in analogy to suffering a nonsuit when the evidence is found to be too weak to support it; but like a nonsuit, the withdrawal of it ought to be explicit.

Judgment reversed, and a *venire de novo* awarded.