## Coulter *versus* Repplier.

When payment and *set-off* with leave are pleaded, and defendant has gone to trial without demanding a replication to his plea of set-off, the defence to the set-off is left at large, and the plaintiff may avail himself of the statute of limitations, or any other defence.

ERROR to the District Court of *Philadelphia.*

These were actions brought by Repplier et al. as Repplier & Co., and by Repplier, trading as Repplier & Co. *vs.* Coulter, to recover a claim for wharfage of coal, and also the value of thirty-three tons of coal, sold by plaintiffs below to defendant.    The narr. was for wharfage, goods sold, work done, and money due on account stated.    The book-entries filed were the bill of particulars.    The pleas were, *non assumpsit*, payment, and set-off with leave.    Notice of the special matter intended to be given in evidence under the last pleas was given.    The plea of *non assumpsit* was withdrawn on the trial.

The defendant, Coulter, claimed a set-off in right of a partnership, and the other partner gave him the right to set it off.

The defendant stored on the wharf of the plaintiffs 4000 tons of coal.    Lewis & Bull, who sold the coal to defendant, and who was then the tenant of the wharf, transferred the wharf to Repplier & Co., who thereby stepped into the shoes of Lewis & Bull, and undertook to become the bailees.    Defendant said that notwithstanding this, the plaintiffs delivered 100 tons of this coal, without authority,

[Coulter *v.* Repplier.]

to some one else. The difference between the amount of the plaintiffs' claim, and the value of the coal thus shipped, with interest, constituted the subject-matter of the set-off, and, for the balance, defendant claimed a certificate in his favor.

After the evidence was closed, the defendants' counsel addressed the jury, and was succeeded by plaintiffs' counsel, who, before the conclusion of his address, asked leave to file *a replication of the statute of limitations to defendants' plea of set-off*, which was objected to, and the court refused to allow the replication to be filed, with the " reservation of the following point for future consideration and judgment, and it was agreed by the parties, and ordered by the judge, that the verdict and certificate of the jury, if for defendant, should be set aside, and judgment entered as upon the verdict of the jury in No. 453, for $236.55, and, in No. 454, for $167.97, if the court in banc should be of opinion, either that the plaintiffs had a right, under the act of 1806, to file the replication, or, that the defence of the statute was available to them *without having specially replied it.*"

The jury found for defendant, with a certificate that there was due him by plaintiffs the sum of $312.33.

Afterwards the verdict and certificate were set aside by the court in banc, and judgment entered as upon the verdict in No. 453, for $236.55, and in No. 454 for $167.97.

The points reserved were, 1. Whether the plaintiffs below had a legal right, under the act of 1806, to file the replication of the statute of limitations to the plea of set-off.

2. If not, whether the defence of the statute was available to them without having specially replied it.

On the 6th of April, 1849, the court delivered the following opinion on the point reserved :—

*Per curiam.*—The parties went to trial on a short plea of *set-off and notice*, without replication, which is of quite common occurrence in our practice. After the evidence had been closed, and the counsel for plaintiff was addressing the jury, he asked leave to reply the statute of limitations. The judge, with a view of bringing the question before the court in banc, refused permission, with this reservation, that the verdict and certificate, if for defendant, should be set aside and judgment entered for the plaintiff, if the court in banc should be of opinion either that the plaintiff had a legal right, under the act of 1806, to file the replication, or that the defence of the statute was available to him under the circumstances, and according to our practice, without having specially replied it. It is unnecessary to decide whether the plaintiff had a right to file his replication, as we are clearly of opinion that, according to our practice, the defendant having gone to trial without demanding a replication, the plaintiff could avail himself of any lawful defence to the plea of set-off. It has indeed been held, in one of our sister

[Coulter *v.* Repplier.]

States, that a plaintiff may reply double to a plea of set-off, because it is in effect a cross action. Worth *v.* Ventress, 1 *Dev.* 419 ; Watts *v.* Grenlee, 2 *Dev.* 87 ; Holding *v.* Smith, 1 *Murph.* 154. It seems indeed to be merely just, that a plaintiff, in answer to the defendant's counter-demand, should be placed on the same footing as the defendant.

December term 1845, No. 453, verdict and certificate set aside, and judgment for plaintiffs, as upon the verdict of the jury for $236.55.

December term 1845, No. 454, verdict set aside, and judgment for plaintiffs, as upon the verdict of the jury for $167.97.

It was assigned for error:

The court erred in giving judgment in favor of the plaintiffs on the point reserved, viz. that the verdict and certificate of the jury, if for defendant, should be set aside and judgment entered for the plaintiffs, as upon the verdict of the jury, in No. 453, for $236.55, and in No. 454, for $167.97, if the court in banc should be of opinion, either that the plaintiffs had a legal right, under the act of 1806, to file the replication, or that the defence of the statute was available to them without having specially replied it.

The case was argued by *W. H. Rawle* and *Cadwalader*, for plaintiff in error.—The pleadings were closed, and the trial proceeded upon the merits. There is a limit to amendments under the act of 1806 : 3 *W. & Ser.* 118, 122 ; 16 *Ser. & R.* 109 ; 4 *Barr* 119.

2d. The defence of the statute was not available to the plaintiffs without their having specially replied it. The practice in Pennsylvania has always been to consider a case at issue after the filing of any plea, replication, &c., which concludes either expressly or impliedly to the country. The practice has been so in England : 2 *Saund.* 319, a. note. 1. It is supposed to be an omission in the prothonotary to enter a similiter. 2. A similiter is implied in the "&c." added to the last pleading. 3. It is making that right which the party understood to be so by going to trial. It is therefore implied that the pleading which is thus allowed to be omitted would be, if filed, a general traverse : 9 *Barr* 123 ; *id.* 139. But none of these reasons apply to a replication of the statute of limitations to a plea of set-off, which replication concludes with a verification, and to which the defendants may rejoin in confession and avoidance. It is understood, when parties go to trial upon a plea of set-off not replied to, that the replication, if filed, would be a general traverse. If so, then nothing can be given in evidence by the plaintiff that is not admissible under such general traverse ; and the rule has been invariable, both in England and in this country, that the statute of limitations must be pleaded or replied

specially, and cannot be given in evidence under the general issue.

By our settled practice, the lapse of six years does not avail a defendant unless he pleads it.   If he does plead it, the plaintiff may show that it is within one of the cases excepted in the act of Assembly, or may prove a new assumpsit within six years: 3 *W. & Ser.* 121; 1 *Crompt. & Jerv. Exch. R.* 1; 4 *Whar.* 130, 140. Reference was made to the 68th rule of the District Court, which is as follows:—When such a rule exists, the practice is as at common law.—" When the defendant pleads a set-off, unless the matter be fully and specially set forth in the plea, *or where he intends on the plea of payment* to defalk his own account against the plaintiff's demand, or part of it, he shall give a full and particular notice in writing of any such intended set-off at least ten days before the first day of the period for which the cause is set down for trial, or he shall not be allowed to give in evidence under such plea any set-off, nor under such notice any matter of set-off not therein particularly set forth."

*Hirst*, for Repplier & Co., plaintiffs below and defendants in error.—The defendant called for no replication; he waived it by going to trial without it.   We submit three propositions: 1. That it is the uniform practice of the District Court to go to trial on a short plea of set-off and notice, without replication.   2. That where parties go to trial upon imperfect pleadings, all form is waived. 3. That under a short plea, and notice of set-off, the plaintiff may object the statute after the set-off is in evidence.   As to first point, reference was made to the opinion of the court in this case: second point, 17 *Ser. & R.* 116; 5 *Watts* 418; 6 *id.* 5, 16: as to the third, 4 *Whar.* 130; 8 *Watts* 264.

In England a set-off must be *pleaded at length:* 1 *Chitty's New Prec.* 387; and cannot be given in evidence under the general issue: *id.* 387; 1 *M. & W.* 395; 5 *Dowl.* 108; 1 *C. M. & R.* 108; 4 *Tyrw.* 818.   The rule of the District Court does not introduce the English practice, as is contended on the part of the plaintiff in error.   We admit, that if a set-off be pleaded at length on the record, a replication of record is necessary, and confines the plaintiff to it.

The opinion of the court was delivered February 11, by
GIBSON, C. J.—The single question is, whether the statute of limitations can be invoked to bar a cross demand where the defendant has gone to trial without demanding a replication to his plea of set-off.   This plea has come into use in imitation of the practice under the English statute, which directs it to be used. Our statute, however, enacts that the plaintiff may plead payment, and give any bond, note, bill, or book-account, in evidence; and

[*Coulter v. Repplier.*]

payment was actually pleaded here, though set-off was added to it. The latter is not warranted by the common law or our own statute, or by any thing else than long practice. Still, I believe it is not the practice generally, to reply to it. It has been added to the plea of payment, rather as an amplification of it than as a plea itself. It is admitted that, if payment alone had been pleaded, although the replication to it could have been nothing but *non solvit*, it would have let in the statute. But what would be the proper replication to set-off as a special plea? *Non assumpsit*, or *actio non accrevit, infra sex annos*, would sound oddly. However that may be, special replication was waived by withdrawing the plea of non assumpsit, and consenting to go to trial without it, which left the defence to the set-off at large, and entitled the plaintiff to avail himself of the statute or any thing else.

Judgment affirmed.