# Wisecarver, Assignee of Hook, *versus* Kincaid *et al.*, Executors of Rinehart.

1. In order to deprive a plaintiff of the benefit of the Statute of Limitations in a case of set-off, the defendant must give notice of his intention to set off his claim before the six years have terminated; otherwise the statute runs till the time the set-off is given in evidence.

2. The plea of payment is not of itself such notice of a set-off as will stop the running of the statute, but the defendant must either plead the set-off or give notice of it as special matter.

3. Where, in assumpsit, the defendant pleaded payment, and some months later (on October 6th 1875) added a plea of set-off: *Held*, that the plea of payment did not stop the running of the Statute of Limitations, but that the statute was a bar to all items of the account offered by the defendant of an earlier date than October 6th 1869.

November 15th 1876.  Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ.  WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Greene county:* Of October and November Term 1876, No. 183.

Assumpsit by Kincaid and another, executors of Rinehart, against Hook.  On May 11th 1875 the defendant pleaded, among other things, payment.  Afterwards, on October 6th, he added a plea of set-off.  At the trial he offered in evidence under this plea an account of items running from 1860 to 1871.  The court below (A. E. Willson, P. J.) refused to admit items of an earlier date than October 6th 1869, and so charged the jury.  After a verdict for the plaintiff, in which a set-off was allowed the defendant for items later than October 6th 1869, and judgment thereon, Wisecarver, who had become the assignee of Hook, took this writ of error, assigning for error the charge of the court.

*J. C. Lazear* and *A. A. Purman*, for the plaintiff in error.— The defendant below could have given his account in evidence by way of a set-off under the plea of payment, under the Defalcation Act of 1705, and that plea stopped the running of the statute. The plea of set-off was unnecessary: Balsbagh *v.* Frazer, 7 Harr. 551; Calvin *v.* McClure, 17 S. & R. 385; Coulter *v.* Repplier, 3 Harr. 212.

In Gilmore *v.* Reed, 26 P. F. Smith 462, there had been no plea of payment, as here.

*Black, Wyly & Buchanan*, for the defendants in error.

The judgment of this court was entered November 24th 1876,

PER CURIAM.—The principles stated in the case of Gilmore *v.* Reed, 26 P. F. Smith 462, rule this case.  By the statute a set-off may be given in evidence under the plea of payment merely.  But it is not

[Wisecarver *v.* Kincaid.]

a logical conclusion thence that the Statute of Limitations, as affecting the set-off, may be avoided at any period of time after the bringing of the action, at the election of the defendant. In order to deprive the plaintiff of the benefit of the statute, he, defendant, must give notice of his intention to use the set-off, before the six years have terminated, otherwise they run on until the time the set-off is given in evidence. He must therefore either plead the set-off or give notice of it as special matter in due season.

Judgment affirmed.