## Sieger v. Sieger, Appellant.

*Tenants in common—Account render—Parties—Set-off—Statute of limita-
tions.*

Separate actions of assumpsit were brought by heirs of a tenant in common
against the other tenants in common for their share of the profits of the
estate in common received by the defendants since the death of their co-
tenant. By agreement the actions were consolidated into one, and changed
in form to account render. The parties also agreed to a reference but there
was nothing in the agreement of reference to indicate any purpose either to
enlarge or to waive the rights of either party as they existed at the time, nor
to change in any way the cause of action at issue between them. At the
trial the defendants offered to prove that the decedent had received in his
lifetime more than his share of the profits for which he had failed to ac-
count, and was thereby indebted to the defendants. The offer was rejected
on the ground that the proposed set-off was not in the same right, inasmuch
as it was primarily against the decedent's executors. *Held*, not to be error.

In the above case it appeared that plaintiff's decedent died in April, 1891;
plaintiffs commenced their actions in assumpsit in December, 1896. The
agreement of consolidation and change of form was made in July, 1897,
and the plea of the statute of limitations was filed in June, 1898, more than
seven years after the last of the moneys charged to have been unlawfully
retained, could have been received by decedent. *Held*, that as the statute
of limitations runs against a set-off until it is pleaded, the set-off was barred.

*Tenants in common—Account render—Interest.*

In an action of account render by one tenant in common against his co-
tenants, the defendants cannot complain, where the court makes a reason-
able allowance of time for settlement, and charges interest only from the
time when the money should have been paid over, and not from the date
when it was received.

Argued Feb. 1, 1904. Appeal, No. 271, Jan. T., 1903, by defendants, from judgment of C. P. Lehigh Co., Jan. T., 1897, No. 62, on case tried by the court without a jury in suit of Mary C. Sieger, Administratrix of Charles S. Sieger, Deceased, et al. v. Amandus Sieger et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit subsequently changed to account render for moneys had and received, by the following agreement:

Now, July 5, 1897, it is hereby agreed by the parties in above cases as follows:

1. That the rules of reference heretofore entered be stricken off.

2. That said two cases be consolidated into one action as of No. 62 January term, 1897, in which the above plaintiffs shall be plaintiffs and Amandus Sieger and Lewis Sieger defendants.

3. That the name of Caroline Sieger, surviving administrator of John Sieger, deceased, shall be added as plaintiff.

4. That the form of action be changed from assumpsit to an action of account render.

5. That the plaintiffs shall file a suitable statement or declaration in account render to which the defendants shall file such plea or pleas as are proper and appropriate in actions of account render.

6. After the case is thus at issue, James L. Marsteller, Calvin E. Arner and Leo Wise, Esqs., shall be appointed referees to hear testimony, decide all questions of law and fact arising before them, state an account between the respective parties plaintiffs and defendants and between each of them respectively, and to make report thereof as provided by the several acts of assembly in such case made and provided, and that such reference be made a rule of court, reserving the right to either and all parties to this action to file exceptions to the action, award, and report of said referees, or to take an appeal therefrom to the court of common pleas, or both, and thereafter to the superior court or supreme court as may be deemed expedient or proper. The said reference and appointment of referees to have the same effect in all respects as if a rule of

reference had been duly entered and said referees chosen under such rule of reference.

The further facts sufficiently appear in the opinion of the Supreme Court.

*Errors assigned* were (1–3) in refusing offers of set-off referred to in the opinion of the Supreme Court; (4) in entering judgment for defendants.

*Thomas F. Diefenderfer*, and *John Rupp*, for appellants, cited as to the statute of limitations: Guldin v. Lorah, 141 Pa. 109; McKelvy's App., 72 Pa. 409; Hamilton v. Hamilton, 18 Pa. 20.

Cited as to the question of interest: Kelly v. Shay, 206 Pa. 215; Brenner v. Carter, 203 Pa. 75; Gyger's App., 62 Pa. 73.

*Edward Harvey*, with him *Edwin H. Stine* and *A. G. Dewalt*, for appellees.

OPINION BY MR. CHIEF JUSTICE MITCHELL, April 18, 1904:

Plaintiffs as heirs of John Sieger brought separate suits in assumpsit against Amandus Sieger and Lewis A. Sieger, who had been tenants in common with John, for their share of the profits of the estate in common, received by Amandus and Lewis since the death of John. By agreement the two actions were consolidated into one and changed in form to account render. At the trial the defendants offered to prove that John had received in his lifetime more than his share of the profits for which he had failed to account and was thereby indebted to the defendants. Objection by plaintiffs was sustained and the evidence excluded on the grounds of the statute of limitations, and that the proposed set-off was not in the same right. It is practically conceded by appellants that this ruling would be correct in an ordinary action. Plaintiffs were claiming in their own right as tenants in common for their purparts of the profits since the death of their ancestor, while the set-off, independent of the question of the statute of limitations, was at least primarily against the ancestor's executors.

But appellants claim that by the agreement of consolidation and change of form of the actions all these matters were in-

tended to be brought together and opened for adjudication in the consolidated suit. This is the real question in the case.

The original actions of assumpsit were based on claims by the plaintiffs in their own right since the death of their ancestor, as tenants in common with the defendants. Assumpsit was an inappropriate form of action and the agreement changed it to account render. The name of Caroline Sieger, surviving administratrix of John Sieger was added as a plaintiff for what reason does not appear, unless as suggested in the argument, because she as widow was entitled to a dower interest in the profits of the joint estate. The agreement provided " that the plaintiffs shall file a suitable statement or declaration in account render to which the defendants shall file such plea or pleas as are proper and appropriate in actions of account render." This contemplates the existing controversy but makes no change in the cause of action. The agreement is not only one of amendment of form, but also one of reference for purposes of trial, and was to be made a rule of court. What the referees were to do was stated clearly but in very general language, " to hear testimony, decide all questions of law and fact arising before them, state an account between the respective parties, plaintiffs and defendants, and between each of them respectively, and make report thereof as provided by the acts of assembly." In other words the referees were to take the place of a court and jury and determine the case at issue between the parties. There is no indication of any purpose either to enlarge or to waive the rights of either party as they existed at the time, nor to change in any way the cause of action at issue between them. Such an agreement would have been competent for the parties to make, but it would have been an entire change in the pending controversy between them and would naturally have been expressed specifically in terms which would not have admitted of doubt. It certainly ought not to be inferred from the use of general language whose ordinary meaning imports only a change of method in the determination of an existing controversy.

As, therefore, the claim offered in evidence by defendants was against a different party from the plaintiffs and in a different right, it was properly excluded, whether called technically a set-off or an item of credit in account render.

But in addition, the claim was clearly barred by the statute of limitations. John Sieger died in April, 1891. The plaintiffs commenced their actions in assumpsit in December, 1896. The agreement of consolidation and change of form was made in July, 1897, and the plea under which defendants offered the excluded evidence was filed in June, 1898, more than seven years after the last of the moneys charged to have been unlawfully retained could have been received by John Sieger. The statute of limitations runs against a set-off until it is pleaded: Gilmore v. Reed, 76 Pa. 462; Wisecarver v. Kincaid, 83 Pa. 100. The agreement as already discussed made no change in the rights of the parties as to the cause of action at issue, but merely in the tribunal and mode of trial. If the case had gone to a jury in the ordinary course without the agreement, the statute of limitations would have been a bar to the claim, and the agreement made no change in this respect.

A second and subordinate question in the case is whether defendants were properly charged with interest on the sum found to be due by them on the accounting. The court did not compute the interest from the date when the moneys were received, but made a reasonable allowance for settlement and charged interest only from the time when the money should have been paid over. This was as favorable to appellants as they were entitled to ask. See McGowan v. Bailey, 179 Pa. 470.

Judgment affirmed.