# Roberts *v.* Jones & Laughlin Steel Corporation, Appellant.

Argued April 15, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*William A. Challener, Jr.*, with him *Joseph C. Spriggs, Frank McC. Painter, William A. Challener* and *Challener & Challener*, for appellant.

*Samuel G. Wagner*, with him *Samuel Krimsly*, for appellee.

OPINION BY ROSS, J., July 19, 1946:

In this workmen's compensation case the claimant, Charles Roberts, filed a claim petition under the Occupational Disease Act of Pennsylvania, alleging that on

February 16, 1939, he became totally disabled as a result of anthraco-silicosis contracted during the course of his employment with the appellant company. The referee made an award of compensation, which was set aside by the board and the record was remanded to the referee for the appointment of an impartial physician, who found that the disability was caused by hypertensive heart disease, but the referee again awarded compensation, which the board set aside on September 24, 1943, and entered disallowance of compensation. The board found as a fact that silicosis or anthraco-silicosis was not the primary cause of the claimant's total disability, but that the claimant suffered from hypertensive heart disease with decomposition which was a causative factor of total disability. The claimant took his appeal from the disallowance of compensation to the Court of Common Pleas of Washington County at No. 147 November Term, 1943. Claimant died October 8, 1943, and was survived by his widow, Isaphine Roberts. On January 31, 1944, counsel of record for Charles Roberts requested the court to dismiss the appeal and the court made the order. On September 23, 1944, the same counsel filed a petition with the court of common pleas for a rule to show cause why the order of dismissal entered January 31, 1944, should not be vacated and the appeal reinstated. The petition set out that counsel had inadvertently requested the lower court to dismiss the appeal because they had received erroneous information as to the results of an autopsy performed on the body of Charles Roberts. Defendant filed a responsive answer. The court vacated its order of dismissal and ordered that the record be returned to the board. Defendant took its appeal to this court at No. 114 April Term, 1946, from that order. On September 22 or September 25, 1944, Isaphine Roberts, widow of deceased claimant, filed her petition with the board asking for a rehearing of the claim petition on which it had disallowed compensation on September 24, 1943. The basis of this petition was

the allegation that the autopsy showed that the decedent was disabled as a result of silicosis. Defendant filed answer thereto and on December 15, 1944, the petition for rehearing was refused. Subsequently, without any intervening petition, the board reversed itself and granted a rehearing February 23, 1945. Defendant took its appeal to the Court of Common Pleas of Washington County at No. 94 May Term, 1945, from the order granting the claimant's petition for rehearing. Defendant's appeal and the claimant's petition to vacate the order of dismissal were argued before the court below, and the defendant's appeal was dismissed. The court, after referring to the fact that it had vacated its previous order of dismissal, noted that in the amended opinion dated February 23, 1945, the board had granted a rehearing, and remitted the record to the board for further consideration and action. From this the defendant took an appeal to this court at No. 115 April Term, 1946.

Section 426 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS 871, provides, inter alia, as follows: "The board, upon petition of any party and upon cause shown, at any time before the court of common pleas of any county of this Commonwealth . . . to which an appeal has been taken under the provisions of section four hundred and twenty-seven of this article shall have taken final action thereon, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than one year after the board has made such award, disallowance, or other order or ruling, or has sustained or reversed any action of the referee." On September 22, 1944, the widow of claimant, Isaphine Roberts, mailed to the board a petition for rehearing under the provisions of Section 426. The board, under the belief that the petition was not received by it until September 25,

1944, refused the petition for rehearing on the ground that it had not been filed within the one-year period of limitation. However, upon examination of the envelope in which the petition was mailed and after conferring with claimant's counsel, the board concluded that the petition was filed within the statutory period of one year after its disallowance of compensation on September 24, 1943, and appellant herein does not contend otherwise. The filing of the petition within the year tolls the running of the statutory limitation, just as the filing of an original claim petition within the year protects the claimant. *Vitkovic v. Pennsylvania Clay Co.*, 278 Pa. 474, 123 A. 469; *Garvin v. Diamond Coal & Coke Co.*, 278 Pa. 469, 123 A. 468; *Kopecky v. Coalmont Coal Co.*, 278 Pa. 478, 123 A. 471.

The appellant contends that the board was without authority to grant a rehearing in this case because it was not done until February 23, 1945, which was more than one year after the disallowance of compensation.

Where legal proceedings are commenced to enforce a right before a statute of limitation has run against it, no lapse of time after the commencement of such proceeding will operate as a bar to the enforcement of that right. The statute does not require that the action shall be prosecuted to a finality within the stated period, and the fact that trial is not had, or judgment in the action is not entered until the period of limitation has expired, will not alter the rule. The pendency of the suit operates to suspend the statute as to all parties thereto so far as the subject matter of the suit is concerned. *Marinho v. Glen Alden Coal Co.*, 108 Pa. Superior. Ct. 560, 165 A. 506. What this court said in the Marinho case applies to this contention of the appellant: "In the instant case the petition for a rehearing was filed within the year, as provided in the Act of Assembly, but no action was taken upon it until after the year had expired. Where the claimant acts within the year he has done all that he can do, and his right to relief should

not be defeated because the board fails to act within the year. This would make his right to relief dependent upon the speed or dilatoriness of the board." The petition for rehearing in this case, having been filed within a year after the order of disallowance, was within the provisions of Section 426, although action thereon was not taken by the board until after the expiration of the year limitation. As stated by Judge RHODES, in *Porto v. Philadelphia & Reading Coal & Iron Co.*, 124 Pa. Superior Ct. 431, at page 437, 188 A. 559, "Any other conclusion would be unsound, illogical, and not within the intention of the statute."

Appellant, relying upon *Wheeler v. Nail Grip Co.*, 149 Pa. Superior Ct. 596, 27 A. 2d 513, and *Calabria v. State Workmen's Insurance Fund*, 333 Pa. 40, 3 A. 2d 322, contends that the board improperly granted a rehearing on February 23, 1945, since it had previously refused the rehearing on December 15, 1944, and no intervening petition for rehearing had been filed. In the Wheeler case the petition was not for a *rehearing* but for *reargument* on a question of law. The board in that case, after refusing the *petition for reargument*, reversed itself and granted a reargument on its own motion after the time for taking an appeal had expired. This court held that the board had no such authority, further stating that if the *order* were to be construed as an order for rehearing, the board was without power to grant it on its own motion because the section limits its power to granting a rehearing "upon petition of any party". The *Wheeler* case has no bearing upon the facts in the instant case because here we had a petition for rehearing and although the board, after first refusing the petition, later granted it, it was still an action upon the original petition. In the *Calabria* case, on September 4, 1934, an order terminating an open agreement was filed and thereafter the claimant filed three different petitions for rehearing—one on January 12, 1935, which was dismissed on May 6, 1935, the second filed on May 20, 1935,

and dismissed June 18, 1935, and the third on May 4, 1936, which was granted by the board. Claimant contended that although the board properly dismissed his petition for rehearing filed on May 20, 1935, his filing it extended the period of a year allowed by Section 426 so that he had a year after June 18, 1935, the date of its dismissal, to file another petition for rehearing. The Supreme Court, however, held that the legislature did not intend that the period of limitation under Section 426 could be indefinitely extended by merely filing petitions from time to time and having them dismissed, and since the order for rehearing was based on a petition *filed* more than a year after the order of termination, that the board had no legal authority to grant the rehearing. The *Calabria* case, likewise, has no applicability to the facts before us.

In this case, the board based its order of December 15, 1944, refusing the rehearing, on a mistake of a material fact, i.e., the day of the filing of the petition for rehearing. When the board was convinced that a factual mistake had been made by it, it filed an "amended opinion" granting the rehearing, stating, inter alia, "We believe that the equities in the case and the interests of justice require that the claimant (Isaphine Roberts) be given an opportunity to present the merits of her contention as to the cause of her decedent's death." As stated by now President Judge BALDRIGE in *Petrovan v. Rockhill Coal & Iron Co.*, 130 Pa. Superior Ct. 58, at page 64, 196 A. 516, "One of the objects of the compensation law is to give a claimant full opportunity to present any competent evidence that is available so that the fact finders may reach the real merits of the case. In harmony with this liberal tendency, the courts have held that the board has broad discretionary powers to grant rehearings when justice requires: Barton v. Pittsburgh Coal Co., 113 Pa. Superior Ct. 454, 463, 173 A. 678; Greeby v. Phila. Asbestos Co., 120 Pa. Superior Ct. 9, 181 A. 452." We are of the opinion that the board did

not exhaust its power when it refused the petition for rehearing, but that it could—and properly did—amend its previous order which was based upon a mistaken conception of fact.

·Appellant further contends that the board was without authority in law to order a rehearing for the reason that the matter had been finally disposed of when the court below, on motion of counsel for the claimant, dismissed the appeal from disallowance of compensation. There might be merit to this contention under the authority of *Hines v. Viscose Co.*, 118 Pa. Superior Ct. 37, 178 A. 410, had the court below taken no action subsequent to its order of dismissal on January 31, 1944. However, by an order on November 9, 1945, the court below vacated and set aside its order of dismissal.

The claimant, *Charles Roberts*, in the manner provided by law, took his appeal to the court of common pleas from the disallowance of an award by the Workmen's Compensation Board. Before that appeal was argued and disposed of by the court—before he had his day in court—Charles Roberts died. Three months later his *former* counsel presented an ex parte motion to the court asking for a dismissal of the appeal, which was granted by the court pro forma. That dismissal also wiped out the rights of claimant's dependent widow without her knowledge and without her consent. Later, the same counsel presented a petition to have the order of dismissal vacated, setting forth that they had been misinformed as to the results of an autopsy. A rule was issued, answer filed, and after argument, the court, in the equitable exercise of its inherent power (*Davis v. Commonwealth Trust Co. et al.*, 335 Pa. 387, 7 A. 2d 3) to set aside its own orders when mistakenly, inadvertently or "improvidently" made, vacated its pro forma order of dismissal, stating, inter alia, "It appearing to the court that on January 31, 1944, counsel who filed a motion to dismiss the claimant's appeal were not representing "the claimant" who had died about three

months before that date, the court was without authority to grant their motion to dismiss . . . as it is now apparent to the court that counsel on January 31, 1944, were acting without authority in presenting the motion to dismiss for the reason that their client, the claimant, had died in October, 1943, and no person had been substituted for the claimant on the record, the court's order dismissing claimant's appeal was improvidently made, and, having been so made, it should be vacated and set aside." We are of the opinion that the court below did not err in vacating its order of dismissal of the appeal.

The appellant further contends that after the lower court vacated its order of dismissal it should have proceeded to determine the merits of claimant's appeal and should not have returned the record to the board. This contention is ruled against the appellant by Section 426 of the Workmen's Compensation Act, supra, which provides, inter alia, as follows: "If the board shall grant a rehearing of any petition from the board's action on which an appeal has been taken to and is pending in, the court of common pleas . . . it shall thereupon be the duty of such court to cause the record of the case to be remitted to the board."

Orders affirmed.