## Deane et al. v. Greenbaum et al.

*Achey and Power*, for plaintiffs.
*I. J. and D. W. Vanartsdalen*, for defendants.

BIESTER, J., July 16, 1951.—On July 5, 1950, Richard A. Deane and Domenic DeValerio, plaintiffs, instituted an action of trespass against Ervin Greenbaum and R. G. Lewis, joint defendants, the suit having been begun by a praecipe and writ of summons. On August 23, 1950, I. J. and D. W. Vanartsdalen entered their appearance for defendants. On September 18, 1950, the complaint was filed and on the same day service thereof was accepted by the attorneys for defendants. The complaint sets forth that on July 10, 1948, plaintiff Deane was a passenger in a motor vehicle operated by plaintiff DeValerio; that an automobile owned by defendant Lewis and operated by defendant Greenbaum collided with the automobile operated by DeValerio, and that by reason of the negligence of defendants both plaintiffs suffered personal injuries.

On November 17, 1950, defendants filed an answer and counterclaim. The counterclaim avers that the accident of July 10, 1948, was caused by the negligent operation of the automobile driven by plaintiff DeValerio. It is said that as a result of this negligence Greenbaum suffered personal injuries and that the automobile of defendant Lewis was damaged. On February 2, 1951, plaintiff replied, alleging under new matter that defendant Greenbaum's counterclaim, being for personal injuries, was barred by the statute of limitations under the provisions of the Act of June 24, 1895, P. L. 236, sec. 2., 12 PS §34. Thereupon plaintiff moved for judgment on the pleadings as to the counterclaim of defendant Greenbaum.

On this state of the record, the matter is now before us for determination of the question whether such a counterclaim is barred by the statute of limitations or whether, under Pa. R. C. P. 1046, defendant may counterclaim beyond the two-year period in replying to plaintiff's complaint.

That defendant Greenbaum could not have instituted an action for personal injuries as of November 17, 1950, the date of the filing of the counterclaim, does not appear to be subject to dispute. On this date, the Greenbaum claim, as an original action, was unquestionably barred since the accident had occurred on July 10, 1948.

The right of set-off and counterclaim did not exist at common law, its foundation being entirely statutory. The first legislation upon the subject in this State was the Act of January 12, 1705, 1 Sm. Laws 49; Bebelheimer v. Minnig, 3 D. & C. 319. This act was confined to actions arising out of contract and its terminology indicates that defendant's reply was more in the nature of a set-off than the more modern counterclaim. By the Practice Act of May 14, 1915, P. I. 483, sec. 14, counterclaims were statutorily recognized in actions of assumpsit. This act, however, merely reenacted the existing law of Pennsylvania as it had then been interpreted by the courts: Goodrich Rubber Co. v. Motor Tire Corporation, 76 Pitts. L. J. 295 (affirmed 291 Pa. 185). The Practice Act, however, did not extend the right to counterclaim in actions of trespass, and it was not until the amendment of April 4, 1929, P. L. 140, 12 PS §412, that counterclaims were permitted in trespass actions, provided that defendant's claim for damages arose out of the same general circumstances upon which plaintiff's claim was based.

There are many cases construing the practice prior to the Practice Act of 1915 to the effect that the statute of limitations runs against the set-off or counterclaim until such set-off or counterclaim is pleaded: Coulter v. Repplier, 15 Pa. 208; Wisecarver v. Kincaid et al., Executor, 83 Pa. 100; Morrison v. Warner, 200 Pa. 315; State Hospital for the Insane v. Philadelphia County, 205 Pa. 336; Sieger v. Sieger, 209 Pa. 65; Rhone, Trustee, v. The Keystone Coal Company, 250

Pa. 336; Woodland Oil Company v. A. M. Beyers & Company, 223 Pa. 241.

It is clear that both under the Practice Act, as it was amended in 1929, and under the Pennsylvania Rules of Civil Procedure defendant has his option either to plead his demand against plaintiff by counterclaim or by the institution of a separate action.

"The defendant may elect whether he will plead his demand against the plaintiff by way of set-off or counterclaim both in actions of assumpsit and trespass, or whether he will bring a separate action therefor. Set-off is permissive, not compulsory. Thus, the 1929 Amendment to §13 of the Practice Act, which allows the defendant in a trespass action to counterclaim for damages arising out of the same general circumstances, is not mandatory; he may, if he so desires, bring a separate action therefor." 4 Standard Pa. Practice 443, §38.

"Unlike the new matter, which is essentially a part of the negative defense of the defendant against the plaintiff's claim, the counterclaim is in reality an affirmative cross-action by the defendant against the plaintiff. The filing of the counterclaim by the defendant is always optional; he may, if he prefers, elect to start an independent suit on the counterclaim against the plaintiff. Pennsylvania practice has no equivalent to the Federal requirement that certain kinds of counterclaim *must* be joined in the plaintiff's action and cannot be made the subject of a separate suit of the defendant. All counterclaims are permissive under our practice, and represent merely a matter of procedural convenience for the defendant": Goodrich-Amram, Commentary on Rule 1031(b).

It may also be noted that the Act of June 21, 1937, P. L. 1982, as amended by the Act of March 30, 1939, P. L. 14, 17 PS §61, authorizing the Supreme Court of Pennsylvania to prescribe by general rule the practice

and the procedure in civil actions provides specifically that such rules shall not affect any statute of limitations.

Counsel has not cited, nor has our research disclosed, any case which, by direct application, clearly rules the proposition before us. In the case of Rothrock v. Wolfe, 99 Pa. Superior Ct. 30, referred to by counsel for plaintiffs, plaintiff, a physician, brought an action in assumpsit to recover for professional services rendered the wife of defendant. Defendant filed a counterclaim, alleging that plaintiff was indebted to him as a consequence of plaintiff's unskillful and negligent treatment of plaintiffs wife. The court found that the counterclaim was in the nature of an action of trespass and was, therefore, improperly pleaded; and secondly, that the counterclaim was barred under the provisions of the Act of June 24, 1895, P. L. 235.

It is to be noted, however, that this case was decided under the Practice Act of 1915, prior to its amendment of 1929, and, therefore, although having application, does not directly rule the problem now presented.

It appears to the court that the same reasons which motivated the courts in finding that set-offs and counterclaims must be pleaded within the two-year period in order to be effective, are as applicable under our modern practice as under former practice. To hold otherwise would be to permit the statute of limitations involving personal injuries arising out of motor vehicle accidents to remain in a state of suspension pending possible action by the opposite party for damages to the motor vehicle. The two-year period affords the injured person ample time to protect his interests.

"If a defendant having a claim against a plaintiff, neglects to bring an action for it, as he may, and thereby, suffers it to be barred by the Statute of Limitations, his loss is caused by his own folly or negligence": Gilmore et al. v. Reed, 76 Pa. 462, 464.

Now, to wit, July 16, 1951, for the reasons hereinbefore set forth the court sustains plaintiff's motion for judgment on the pleadings as to the counterclaim of defendant, Ervin Greenbaum, and directs the entry of a judgment in favor of plaintiffs, Richard A. Deane and Domenic DeValerio, against defendant, Ervin Greenbaum, on the counterclaim of Ervin Greenbaum.