George P. O'DONNELL, Administrator of
the Estate of Samuel A. Moran,
Deceased

v.

ARCHIE'S MOTOR EXPRESS,
Defendant,
and
Julia Nee, Administratrix of the Estate of
Michael Patrick Nee, Deceased,
Third-Party Defendant.

David J. MORTON, Jr., Administrator of
the Estate of David J. Morton, III,
Deceased

v.

ARCHIE'S MOTOR EXPRESS,
Defendant,
and
Julia Nee, Administratrix of the Estate of
Michael Patrick Nee, Deceased,
Third-Party Defendant.

Civ. A. Nos. 23640, 23399.

United States District Court
E. D. Pennsylvania.

June 19, 1959.

Bernstein & Bernstein, Philadelphia, for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant and third-party plaintiff.

Tom P. Monteverde, Philadelphia, Pa., for third-party defendant.

HASTIE, Circuit Judge.

These companion actions are before the court on motions of the defendant to dismiss the third-party defendant's counterclaim as barred by the statute of limitations.

The controversy arises out of a fatal automobile collision in which one driver, Nee, and his passengers, Moran and Morton, were killed. The other vehicle was operated by Archie's Motor Express.

As a result of this accident separate timely suits were filed against Archie's at about the same time, the first on behalf of Nee in the District Court for the Western District of Pennsylvania, and the second, this suit, on behalf of Moran and Morton[1] in the Eastern District. In due course Archie's made Nee a third-party defendant in the present suit, claiming contribution on the theory that negligence of Nee was a responsible cause of the accident. Nee's representative then not only answered the third-party claim but also pleaded a counterclaim for affirmative relief against Archie's for wrongful death. This counterclaim duplicated the pending Western District suit and was filed more than one year, the period of the Pennsylvania Statute of Limitations, after the death in suit. The present motion by Archie's followed, seeking dismissal of the counterclaim as barred by the requirement of the statute that "the action [for wrongful death] shall be brought within one year after the death, and not thereafter". 12 P.S. Pa. § 1603.

The movant relies upon the Pennsylvania rule that the filing of a claim against a defendant does not in itself toll the statute of limitations as to any subsequent counterclaim that defendant may file in that suit for affirmative relief against the plaintiff on account of the same transaction. Gilmore v. Reed, 1874, 76 Pa. 462; Sieger v. Sieger, 1904, 209 Pa. 65, 58 A. 140. But here Nee, as counterclaimant, is asserting the very claim against Archie's that is the subject of Nee's timely original claim against Archie's in the Western District of Pennsylvania. The question then is whether in these unusual circumstances the Western District suit so tolls the statute of limitations during its pendency as to permit the assertion of the same cause of action by way of counterclaim in another suit between the same parties.

The movant argues that it is "hornbook law" that the pendency of one action does not toll the running of the statute "as to a later suit". But this does not help us decide whether the rule applies not only to two successive suits by the same party but also to a subsequent counterclaim by the original plaintiff who has been required to defend a second timely action. Indeed, counsel have not pointed out and the court has not found any Pennsylvania ruling on the operation of the statute of limitations in this special and unusual situation. Certainly it would not be in derogation of the basic purpose of the statute of limitations to entertain the counterclaim in this litigation. There is here no assertion or revival of a stale claim which should be in repose. It is proposed merely that the controversy represented by a timely claim pending in the Western District of Pennsylvania shall be litigated in the Eastern District instead. Indeed, the practical effect of the counterclaim is merely to transfer a pending suit from one district to another, now a frequent procedure under Section 1404 (a) of Title 28 United States Code. Moreover, this procedure has the affirmative advantage of serving the general policy of the law against unnecessary multiplicity of suits. This is of special importance here because, in addition to the uneconomical expenditure of time, the trial of different claims arising out of a single accident in different districts creates an undesirable risk of conflicting and inconsistent adjudications about a single transaction.

█ It is also noteworthy that the policy of encouraging this kind of comprehensive single suit through the filing

---

[1] While separate wrongful death actions in Nos. 23640 and 23399 have been brought in the interest of Samuel A. Moran and David J. Morton, III, both deceased, the cases present no different considerations. Accordingly, this opinion is written as though there were but one action and one motion, although in fact there are two.

38

of appropriate counterclaims finds expression in the explicit provision of Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A., authorizing a defendant to file a counterclaim based on the same transaction as the plaintiff's claim even though the defendant has already sued elsewhere on his cause as an original claim. This rule does not in itself solve the state law problem of the statute of limitations, but it does suggest a significant policy consideration and the desirable result.

In brief, this court sees nothing in the text or purpose of the statute of limitations which requires that the present counterclaim should be barred. On the other hand, it seems eminently fair and desirable that the several claims arising out of a single accident be tried together. Accordingly, it is the conclusion and decision of the court that the pending Western District suit has tolled the running of the statute of limitations against the cause stated in the present counterclaim and that the counterclaim is, therefore, timely. Cf. Roberts v. Jones & Laughlin Steel Corp., 1946, 159 Pa.Super. 472, 48 A.2d 91.

Finally, the movant argues that the counterclaim should be dismissed because Rule 2202(c) of the Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, provides that "while an action [for wrongful death] is pending it shall operate as a bar against bringing of any other action for such wrongful death". But here again the language itself does not indicate whether the filing of a counterclaim in circumstances such as we have here should be regarded as "bringing of any other action". The policy considerations already discussed indicate the desirability of a negative answer. Moreover, it is the authoritatively indicated policy of Pennsylvania to avoid multiplicity of action by trying in one suit all related claims among the parties to litigation growing out of a single transaction. See particularly Simodejka v. Williams, 1948, 360 Pa. 332, 62 A.2d 17. It is reasonable to believe that Pennsylvania would construe Rule 2202(c)

restrictively in order to encourage persons so situated as Nee's representative is here to use the counterclaim device for the consolidation of claims arising out of a single accident into a single suit.

For these reasons the motion to dismiss will be denied in each suit.