## Woodland Oil Company, for use, *v.* A. M. Byers & Company, Appellant.

*Statute of limitations — Contract—Sale — Consequential damages — Breach of warranty.*

1. If an action rests on a breach of contract, it accrues as soon as the contract is broken, although no injury results from the breach until afterwards.

2. Where unsound personal property is sold with a warranty of soundness, the warranty is broken as soon as made, and the statute begins to run from the date of the sale, and not from the time when the buyer sustains consequential damages.

*Statute of limitations—Set-off practice—Pleading.*

3. Where the statute of limitations may be successfully set up against a claim sought to be enforced in an action of assumpsit, it may also be set up against the same claim when it is sought to be used as a set-off; nor does it matter that the statute is not pleaded by the plaintiff in reply to the defendant's plea of set-off.

4. If the defendant goes to trial without demanding a replication to his plea of set-off, the defense to the set-off is unrestricted, and the plaintiff may avail himself of the statute of limitations or any other defense.

Argued Oct. 28, 1908. Appeal, No. 187, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1903, No. 146, on verdict for plaintiff in case of Woodland Oil Company, for use of M. J. Gormley, v. A. M. Byers & Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit for breach of warranty in contract of sale. Before CARNAHAN, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,959.44. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Johns McCleave,* with him *John S. Wendt,* for appellant.—
The very words of the act of 1713 have been followed by this
court in a long line of cases uniformly holding that the six
years begin to run when the cause of action accrues, irrespective of the happening of damage from such cause: Rankin v.
Woodworth, 3 P. & W. 48; Downey v. Garard, 24 Pa. 52;
Campbell v. Boggs, 48 Pa. 524; Owen v. Savings Fund, 97
Pa. 47; Binney v. Brown, 116 Pa. 169; Mark v. Osmer, 138
Pa. 1; New Holland Turnpike Co. v. Insurance Co., 144 Pa.
541; Lehigh Coal, etc., Co. v. Blakeslee, 189 Pa. 13; Noonan v.
Pardee, 200 Pa. 474; Carpet Co. v. Dornan, 64 Mo. App. 17;
Allen v. Todd, 6 N. Y. Sup. Ct. 222; Baucum v. Streater,
50 N. C. 70; Taylor v. McMurray, 58 N. C. 357; Motley v.
Montgomery, 2 Bailey (S. C.), 544.

A set-off to a set-off will not be permitted: Russell v. Miller,
54 Pa. 154.

*Horace J. Thomas,* with him *J. M. Stoner* and *Samuel M.
Meals,* for appellee.—The action was not barred by the statute: Veazie v. R. R. Co., 49 Me. 119; Overton v. Tracey, 14
S. & R. 311; Wood v. Leland, 42 Mass. 387; Camp v. Bostwick,
20 Ohio St. 337; Martin v. Frantz, 127 Pa. 389.

As this is an action for indemnity, the question is, when
was the indemnity broken, for it was only when the indemnity
was broken that the plaintiff had a right to maintain the action. It is well settled in this state that the indemnity is broken
by a recovery of a judgment against the party indemnified:
Carman v. Noble, 9 Pa. 366; Bamford v. Keefer, 68 Pa. 389.

OPINION BY MR. JUSTICE POTTER, January 4, 1909:

In May, 1895, the Woodland Oil Company engaged M. J.
Gormley to drill for it an oil well. The company undertook
to supply the casing for the well, and in the latter part of May
it purchased about 1,200 feet of casing from A. M. Byers &
Company, a corporation engaged in the manufacture and sale

of such material. The casing was made of iron pipe in joints from twelve to twenty feet in length, intended to be screwed together at the ends. After Gormley had placed about 1,140 feet of the casing in the well, and had screwed on an additional joint, the collar, or shoulder of the last joint, gave away and separated from the pipe, and permitted the entire string of casing to fall to the bottom of the well. Gormley, and the oil company, claimed that the accident was due to a fault in the manufacture of the pipe, or in fastening the collar upon it, which was done by machinery. Attempts by Gormley to reach and withdraw the casing, were only partially successful, and after considerable effort the well was abandoned. The oil company refused to pay Gormley for drilling the lost well, or for his work in attempting to recover the casing; and upon July 22, 1896, he brought suit against it to recover for both. The oil company notified Byers & Company, and the latter employed counsel who appeared in the case, and assisted in the trial, it being to the interest of both parties to prevent recovery, if possible. The suit resulted in a verdict for Gormley, on June 20, 1899, and a judgment was entered thereon in the sum of $1,243.15.

On November 25, 1902, the present suit in assumpsit was brought by the Woodland Oil Company for use of M. J. Gormley against A. M. Byers & Company, a corporation. In the statement plaintiff claimed to recover the amount of the judgment obtained by Gormley, alleging that the same was "for loss occasioned entirely and altogether by the defective casing furnished" them by the defendant, which the latter had by its sale and delivery warranted to be fit for the purpose for which it was sold. Defendant pleaded nonassumpsit, payment, set-off and the statute of limitations. Under the plea of set-off it claimed to recover $698.21, the price of the casing furnished by it. This claim was on its face barred by the statute. Plaintiff filed a denial of set-off, in which it claimed the sum of $620.55 for expenses incurred in connection with the alleged defective casing. This claim was also barred upon its face.

Upon the trial the court refused a point asking for binding

instructions in favor of the defendant and submitted the questions of fact to the jury. The verdict was for $1,959.44, being the amount of the Gormley judgment, with interest thereon and costs. Defendant moved for judgment in its favor non obstante veredicto, but the court dismissed the motion and entered judgment on the verdict. Defendant has appealed and by the assignments of error raises two questions: 1. Was plaintiff's claim barred by the statute of limitations? 2. Was defendant's claim barred in the same way? While not material to this issue, yet it appears from the record that plaintiff on October 25, 1900, brought suit for the same cause of action against the administrator of A. M. Byers, who was alleged to have traded as A. M. Byers & Company. In this action, the plaintiff was nonsuited, because it transpired on the trial that the purchase was made from A. M. Byers & Company, a corporation, not from Byers individually or trading under that name. Thereupon the present suit was brought against the corporation. But during the pendency of the first suit the period of six years from the date of the sale and delivery of the goods elapsed.

The parties in this suit differ as to when the cause of action arose. The appellant contends that the suit was upon an alleged breach of warranty, and that the plaintiff was at liberty to sue for this as soon as the defective pipe was delivered, or at least as soon as it was discovered, which was shortly afterwards. On the other hand, the appellee maintains that the suit was based upon an implied contract of indemnity, and that no right of action accrued until the subsequent injury resulted to it in the recovery of damages against it. Under this view the statute would not begin to run until the date of the Gormley judgment, which was within six years from the beginning of this suit. If we turn to the plaintiff's statement of claim, we find that after setting out the purchase of the pipe from Byers & Company, and the contract with Gormley, it avers, "that A. M. Byers & Company, the defendant, well knew the purpose for which said casing sold by it was to be used, and by the sale and delivery thereof warranted the casing so sold to be reasonably fit for the purpose of being

lowered into and used in an oil well for which it was intended." It is further averred that the casing was defective, specifying the faults, and charging that by reason of such defects the accident had occurred, that plaintiff had immediately notified defendant of the accident and of its cause and at defendant's request made every effort to remove the casing and clear the well, and that the contractor Gormley had sued them and obtained judgment against them in the sum of $1,243.15, for his time and expenses, in sinking the well and trying to remove the casing. Also that defendant had been notified of the suit, and by their counsel had taken part in defending against Gormley's claim at the trial.

It thus clearly appears that in the statement the plaintiff claimed for a breach of warranty in the sale of the goods, and laid as its damages, the amount of the Gormley judgment, with interest from its date. We can find no evidence in the record of any agreement to indemnify the plaintiff against claims by Gormley or anyone else. The only contract set up by plaintiff in his statement is one of implied warranty. The Gormley suit and judgment were properly introduced as proof of and as measuring the extent of the damages sustained, but they are not the foundation of the claim. That rests upon the defective quality of the goods sold; and in such case, under all the authorities, the statute of limitations begins to run from the date of the sale. The general rule is thus stated in one of the latest publications, 25 Cyc. L. & Pr. 1091, 1092: "A cause of action for breach of warranty in a sale of personal property accrues at the time the warranty is broken, and the statute of limitations then begins to run. . . . Where unsound personal property is sold with a warranty of soundness the warranty is broken as soon as made and the statute begins to run from the date of the sale, not from the time when the buyer sustains consequential damages." A long line of our own cases, from Rankin v. Woodworth, 3 P. & W. 48, down to Lehigh Coal & Nav. Co. v. Blakeslee, 189 Pa. 13, and Noonan v. Pardee, 200 Pa. 474, holds that the statute runs from the time the cause of action accrues, without regard to the time when actual consequential damage is suffered.

And a statement of the law which applies more closely to the facts of this case is found in 3 Parsons on Contracts (9th ed.), *92, where it is said, "And if the action rests on a breach of contract, it accrues as soon as the contract is broken, although no injury results from the breach until afterwards. As if one delivers goods which are not what he undertakes to sell, and the purchaser resells under his mistake and is obliged to pay damages, he has a claim against the first seller, but must bring his action to enforce it within six years from the first sale." In support of this principle the author cites Battley v. Faulkner, 3 B. & Ald. 288, where it was held that the cause of action accrues when the contract is broken, and not at the time when special damage in consequence is suffered. This decision was followed by the supreme court of the United States in Wilcox v. Plummer, 29 U. S. 172, and both cases were cited and followed by this court in an opinion by WOODWARD, J., in Campbell v. Boggs, 48 Pa. 524, wherein the principle involved was applied, in holding that an attorney in fact who collects money for his principal is bound to pay it over at once, and his neglect to do so is a breach of the implied contract, for which action will lie, and which marks the date from which the statute of limitations begins to run. And this case was again cited with others by GORDON, J., in Owen v. Western Saving Fund, 97 Pa. 47, where he said: "All these authorities, and many more which might be cited, only serve to illustrate that which the statute itself makes plain enough, namely, that the commencement of the limitation is contemporaneous with the origin of the cause of action."

As the present action was brought to recover for a breach of warranty, as to the quality of the goods sold and delivered, we reach without hesitation the conclusion that the cause of action must be deemed to have accrued when the defective casing was delivered; and as this was more than six years prior to the bringing of this action, the plaintiff was too late, and the statute of limitations is a complete bar to the successful urging of his claim.

The counterclaim for the price of the pipe, which was made by way of set-off by the defendant, was also barred by the

statute. That the statute applies to a claim of set-off has been consistently maintained by this court from Hinkley v. Walters, 8 Watts, 260, down to State Hospital v. Phila. County, 205 Pa. 336, which holds, as set forth in the syllabus, that: "Where the statute of limitations may be successfully set up against a claim sought to be enforced in an action of assumpsit, it may also be set up against the same claim when it is sought to be used as a set-off." Nor does it matter that the statute was not pleaded by the plaintiff in reply to the defendant's plea of set-off. It was decided in Levering v. Rittenhouse, 4 Wharton, 130, that a plaintiff may avail himself of the statute of limitations against a set-off given in evidence by the defendant without pleading the statute in any way. The defendant in this case did not require any reply to its plea of set-off. In Gilmore v. Reed, 76 Pa. 462, Justice MERCUR said, "If the defendant goes to trial without demanding a replication to his plea of set-off, the defense to the set-off is unrestricted, and the plaintiff may avail himself of the statute of limitations or any other defense."

It is therefore apparent that both the claim of plaintiff, and the counterclaim of the defendant, were barred by the statute. The court below was in error when it refused to instruct the jury that, by reason of the bar of the statute of limitations, the plaintiff could not recover in this case.

The judgment is reversed.