**Mark L. SLINGWINE, Administrator of the Estate of Gary Slingwine, Plaintiff,**

v.

**Edward GUMIENIK, Defendant.**

**Civ. A. No. 15–70 Erie.**

United States District Court, W. D. Pennsylvania.

May 8, 1970.

Byron A. Baur, Erie, Pa., for defendant.

Leonard E. Price, Pittsburgh, Pa., for plaintiff.

## MEMORANDUM ORDER

WEBER, District Judge.

On March 26, 1970 Defendant filed "Motion for Summary Judgment and Judgment on the Pleadings." Counsel attached a certficate of service of a copy of the motion on plaintiff's counsel by mail the same date.

On April 20, 1970 the Court issued a Memorandum Order calling for Plaintiff to file his Response to said Motion and any supporting evidentiary materials and brief on or before May 1, 1970. Nothing has been received to this date.

On May 7, 1970, Defendant, the moving party, filed a brief.

We have before us the following facts established from the pleadings of defendant's evidentiary matters:

1. Plaintiff's Complaint was filed Feb. 17, 1970. Par. 4 of the Complaint avers that Plaintiff's decedent died Feb. 17, 1968. Therefore the Wrongful Death cause of action is barred by the Pennsylvania statute, 12 P.S. § 1603 which requires that such actions be brought within one year of death and not thereafter.

2. Plaintiff's Complaint shows that this is an action brought by a Pennsylvania administrator against an individual residing in New York state, arising out of an accident in Erie County, Pennsylvania. Jurisdiction is based on diversity and Pennsylvania law controls.

3. Plaintiff's counsel's affidavit and the attached report of the Coroner of Erie County, Pennsylvania, establish that the accident causing the injuries from which decedent died occurred on February 9, 1968. The law of Pennsylvania applies the statute of limitations to Survival Actions under the Act of 1937 as two years from the time of the accident causing the injuries. Stegner v. Fenton, 351 Pa. 292, 40 A.2d 473 (1945); Stafford v. Roadway Transit Co., 165 F.2d 920 (3rd Cir. 1948).

Therefore, the pleadings and evidentiary matters on file show that there is no genuine issue as to any material fact and that Defendant is entitled to judgment as a matter of law under F.R. Civ.P. 56(c).

It is therefore ordered this 8th day of May, 1970 that Defendant's Motion for Summary Judgment be granted and Plaintiff's Complaint is hereby dismissed. Judgment is entered for Defendant.