Edward GUMIENIK and Laura Gumienik, Plaintiffs,

v.

David H. LUND, as Administrator of the Goods, Chattels and Credits which were of Gary Slingwine, Deceased, and Mark Slingwine, Defendants.

Civ. A. No. 8-70 Erie.

United States District Court,
W. D. Pennsylvania.

June 23, 1970.

See also D.C., 314 F.Supp. 748.

Miserendino, Krull & Foley, Buffalo, N. Y., and Lund, Fischer, Kennedy & Schleicher, Erie, Pa., for plaintiffs.

Knox, Graham, Pearson & McLaughlin, Erie, Pa., for defendants.

## OPINION

WEBER, District Judge.

This case and a companion case filed at Civil Action No. 15–70 Erie are diversity actions under Pennsylvania law. They arose out of the same accident and involve substantially the same parties. They are essentially cross-actions between the two principal parties to an automobile accident which occurred in this district on February 9, 1968. Edward Gumienik and Laura Gumienik, the plaintiffs in the present action, were injured. Gary Slingwine died on February 17, 1968 from injuries received in the accident. His estate is named defendant here and was the plaintiff in Civil Action No. 15–70 Erie.

This suit was filed January 29, 1970, and complaint was served on co-defendant Mark Slingwine, February 11, 1970. An appearance and answer was filed for both defendants by Attorney Knox on February 25, 1970, which denied liability.

On February 17, 1970, Attorney Price filed a separate action at Civil Action No. 15–70 Erie on behalf of the Estate of Gary Slingwine for Wrongful Death and Survival causes of action against Edward Gumienik, one of the within plaintiffs. That action was dismissed by our Memorandum Order of May 8, 1970, 314 F. Supp. 748, on Defendant's Motion for Summary Judgment filed March 26, 1970 because the Statute of Limitations had run on both the Wrongful Death and Survival Action. That plaintiff (present Defendant) made no response or opposition to the Motion for Summary Judgment.

On April 16, 1970, Attorney Price filed an appearance for all defendants in this action and on April 27, 1970, he filed a document captioned "Counterclaim."

No leave of court was requested to amend defendants' answer after twenty days pursuant to Fed. R. of Civ. P. 15. No leave of court to assert the omitted Counterclaim was requested under Fed. R. of Civ. P. 13(f).

The proferred "Counterclaim" was a compulsory counterclaim required to be

pleaded in defendants' answer of February 25, 1970, because no other action was pending on the same subject at the time the present action was filed.

Plaintiff has moved to strike the counterclaim since it is barred by the statute of limitations and the matter is res judicata under our Order of May 8, 1970 in Civil Action No. 15–70 Erie.

Defendants ask leave to assert the counterclaim under Fed. R. of Civ. P. 13(f), which allows a counterclaim to be asserted when the failure to do so beforehand was due to oversight, inadvertence or excusable neglect or justice requires that it be asserted.

■ We find no authority under Fed. R. of Civ.P. 13(f) to allow the assertion of an affirmative counterclaim after the bar of the statute of limitations.

> "The statute of limitations involves a matter of state law * * * (citations omitted). Where one is barred from recovery in the state court he is likewise barred in the federal court." (p. 822)
>
> *   *   *   *   *   *
>
> "Rule 13 of the Federal Rules of Civil Procedure, which permits counterclaims, has no application to a counterclaim that is barred by the statute of limitations. (p. 823). Keckley v. Payton, 157 F.Supp. 820, 822, 823 (N.D. W.Va.1958).

■ We find the general rule in Pennsylvania to be that a cause of action which would be barred as an original action, because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period. Woodland Oil Company v. A. M. Byers & Co., 223 Pa. 241, 72 A. 518 (1909). (See Deane et al. v. Greenbaum et al. (Bucks Co., Pa.1951) 77 Pa.Dist. & Co. R. 569, for an extensive review of the Pennsylvania authorities on this proposition).

■ Defendants argue that plaintiffs should be estopped to assert the statute of limitations, because of plaintiffs' counsel's actions in securing the appointment of an associate counsel as administrator without notice to him, contrary to the local rules of the Allegheny County Court.

However, we find nothing that plaintiffs did which hindered, delayed, misled or prejudiced defendants from the timely assertion of the Wrongful Death or Survival Action. The statute had barred the Wrongful Death Action for almost a year before the present action, and the Survival Action was barred on February 9, 1970. Mark Slingwine had done nothing during this time to assert any claim for either the Wrongful Death or the Survival Action on behalf of his son's estate. Nor was he lulled or misled by the application for Letters of Administration or the filing of the present complaint because there is no evidence that he knew anything about them until he was served with the summons and complaint on February 11, 1970, which was after the survival action was barred. He delivered this complaint to his insurance carrier and its counsel appeared and answered for both defendants without a suggestion that a counterclaim was intended.

Only on February 17, 1970, did Mark Slingwine act, after he was alerted by the institution of the present suit. He then had himself appointed Administrator of his son's estate, and on the same day filed his separate action for Wrongful Death and Survival. This was too late, as we held in Civil Action No. 15–70 Erie. No response was made by the present defendant to the Motion for Summary Judgment in that case. Can he now by amending his answer to assert a counterclaim do what he was previously barred from doing in a direct suit?

We find a parallel to this situation in United States v. Yellow Cab Co., 188 F.Supp. 660 (E.D.Pa., 1960) where the proferred counterclaim was barred under the Federal Tort Claims Act period of limitations. The Court held that although the original complaint was timely filed, defendant had failed to assert its counterclaim within the required two years.

"The effect of our holding is that the defendant occupies the same position insofar as the instant untimely counterclaim is concerned as it would occupy had such counterclaim been asserted in an original action." (p. 661)

Defendant argued that its failure to assert its counterclaim within two years was due to the fact that plaintiff brought its own suit more than two years after its claim had accrued. (No statutory bar to plaintiff's property damage claim was present.) The Court answered this by pointing out "defendant could have brought an action at anytime within the two years and its motives for failing to do so are immaterial." (p. 661).

We hold that Defendant is barred from the assertion of the proferred Counterclaim and Plaintiffs' Motion to Strike will be granted.