467 A.2d 867

**Stephen HARMER**

v.

**David HULSEY, Appellant.**

Superior Court of Pennsylvania.

Argued May 2, 1983.

Filed Nov. 4, 1983.

Petition for Allowance of Appeal Denied March 22, 1984.

Jon Auritt, Media, for appellant.

David J. Otis, Media, for appellee.

Before CERCONE, President Judge, and MONTGOMERY and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in holding his counterclaim barred by the statute of limitations. We find this contention without merit and, accordingly, affirm the lower court's order.

On August 24, 1981, appellee instituted suit against appellant to recover for injuries received in a September 21, 1979 motor vehicle accident. Appellant was served with the complaint on September 8, 1981. On September 30, appellant filed an answer and a counterclaim alleging damages resulting from his own injuries sustained in the accident. Appellee replied, asserting in new matter that appellant's counterclaim was barred by the two-year statute of limitations. Appellant then filed a reply to the new matter averring that the limitations period was tolled because

appellee filed his complaint so late in the two-year period. Appellee subsequently filed a Motion for Judgment on the Pleadings on appellant's counterclaim. The motion was granted and the counterclaim dismissed. This appeal followed.

■ The appropriate statute of limitations, found in 42 Pa.C.S.A. § 5524, provides that an action must be commenced within two years "to recover damages for injuries to the person...." *Id.*, § 5524(2). Here, appellant's counterclaim seeking to recover for his injuries, was raised two years and nine days after the automobile accident. Appellant maintains that the statute of limitations should have been tolled pending the filing of his counterclaim because appellee waited until a short time before the two-year period ran to serve him with the complaint. Our Court has held that "when a demand arising from the plaintiff's negligence ... is set up by the defendant as a counterclaim ... [it is] ... subject to the bar of the statute." *Enterline v. Miller*, 27 Pa.Superior Ct. 463, 470 (1905); *see Woodland Oil Co. v. A.M. Byers & Co.*, 223 Pa. 241, 72 A. 518 (1909). Our research reveals no Pennsylvania Appellate Court case since the early part of this century restating the above premise.[1] We reiterate, therefore, that a counterclaim provoked by the plaintiff's alleged negligence must be raised within the time allotted for an action under the appropriate statute of limitations.

1.  *Gumienik v. Lund*, 314 F.Supp. 749 (W.D.Pa.1970), involved a situation similar to the present one. An accident occurred on February 6, 1968. A suit was filed on January 29, 1970. The defendant then filed a separate action on February 17, 1970 and, in addition, counterclaimed on the original action on April 27, 1970. The District Court noted, "[w]e find the general rule in Pennsylvania to be that a cause of action which would be barred as an original action because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period." *Id.* at 751.

    Several lower courts have recently addressed this issue. *See, e.g., Baker v. Pittman*, 19 Pa. D & C 3d 169 (1981) (disallowed untimely counterclaim that if brought as an original claim after the statute of limitations had run would not have been permitted); *Guerrio v. Probst*, 15 D & C 3d 625 (1980) (same); *but see, Maragine v. Campolongo*, 3 Pa. D & C 3d 735 (1977) (permits untimely counterclaim arising from same accident as original claim).

Appellant's argument that his action was hindered and prejudiced because appellee chose to file his complaint late in the two-year period is patently meritless. Appellant was entitled to the same two-year period as appellee in which to bring an action for damages for his own injuries arising from the accident. That appellant was either unaware of his potential claim or the two-year limitation, or chose not to bring an action until appellee sued, does not suffice to toll the statute of limitations. A cause of action raised as a counterclaim may be potentially as stale as a cause of action asserted in an original complaints. *See Insurance Company of North America v. Carnahan*, 446 Pa. 48, 51, 284 A.2d 728, 729 (1971) ("The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims.").

In support of his argument, appellant erroneously relies on the distinction between a counterclaim that is a recoupment and one that is a set-off.[2] A recoupment involves only the claim averred by the plaintiff and raises no possibility of affirmative relief for the defendant. A set-off, on the other hand, "will permit an affirmative judgment for defendant." *Stulz v. Boswell*, 307 Pa.Superior Ct. 515, 521, 453 A.2d 1006, 1008 (1982). Counterclaims asserted as recoupments have traditionally been permitted, even if raised after the limitations period has run, whereas set-offs will not be permitted if late because a set-off, in effect, raises a new cause of action. *Id.*, 307 Pa.Superior Ct. at 521, 453 A.2d at 1009; *see also Household Consumer Discount Co. v. Vespaziani*, 490 Pa. 209, 415 A.2d 689 (1980); *Woodland Oil Co. v. A.M. Byers & Co., supra*, 223 Pa. at 247, 72 A. at 520. In *Stulz*, a panel of our Court permitted the portion of defendant's counterclaim that sought only "to reduce the award obtained by [the] plaintiff ... notwithstanding ... the defendant['s] failure to assert

---

2. A counterclaim is a "claim presented by a defendant in opposition to, or deduction from, the claim of the plaintiff," and may include a set-off and/or a recoupment. 6 Standard Pennsylvania Practice 2d § 29:2.

[it] before the statute of limitations ha[d] run." *Stulz v. Boswell, supra,* 307 Pa.Superior Ct. at 521, 453 A.2d at 1008. Similarly, in *Household Consumer Discount Co. v. Vespaziani, supra,* our Supreme Court determined that the counterclaim at issue, based on the Truth in Lending Act, 15 U.S.C.A. § 1601 *et seq.,* constituted a recoupment and could, therefore, be raised after the statute had run. Here, however, appellant's counterclaim must clearly be characterized as a set-off because it raises the possibility of affirmative relief for appellant. As such, it should have been raised before the end of the two-year statute of limitations period.

Accordingly, finding no merit in appellant's contention, we affirm the order of the lower court.

Affirmed.