# Saferiders, Inc. v. American Fidelity Fire Insurance Co.

*Samuel E. Teeter,* for plaintiff.
*Raymond L. Hovis,* for defendant.

SPICER, *P.J.,* May 2, 1984—Plaintiff has filed preliminary objections to defendant's amended answer and counterclaim. Those objections raise the Statute of Limitations, 42 Pa. C.S. §5527. Plaintiff contends that all but $39.20 of defendant's demand for $55,287.20 is time barred.

The case has long history. It began, for our purposes, when this court issued a preliminary injunction forbidding defendant from collecting the balance on a letter of credit drawn on a local bank. Plaintiff had been required to give defendant the letter in the amount of $50,000 as part of an insurance agency arrangement. For a time, plaintiff conducted an agency and sold motorcycle policies issued by defendant.

The injunction was dissolved December 13, 1977, but defendant was required to file a bond to protect plaintiff's rights. Plaintiff then filed a com-

plaint in equity May 5, 1978, to which preliminary objections were filed. These objections raised questions of jurisdiction and venue and were dismissed September 21, 1978. In its opinion, this court noted that defendant had, by filing the bond, submitted to in personam jurisdiction to the limits of that bond. The court commented, but did not hold, that the complaint also alleged facts forming a sufficient basis for jurisdiction.

The case was ultimately placed on the trial list. At a pretrial conference, defendant announced that it had recalculated losses attributable to the agency relationship and sought permission to amend its counterclaim to assert a demand for $55,287.20 and not just the amount of $39.20 then included. Recognizing that the request raised potentially complex issues, the court removed the case from the trial list and granted leave to amend.

Both parties are familiar with the rule requiring the affirmative defense relating to a waivable statute of limitations to be raised in new matter. There are technical reasons to apply the rule in this case but we ignore it for several reasons. First, the issue could have been decided at the time we considered the request for amendment. Second, after inquiring of counsel, we are satisfied that only technical reasons exist for adhering to the rule. Finally, the court is determined to speed this case up as much as possible.

There is no dispute concerning the general law in this area. When dealing with amended pleadings, the following principles apply: 1. A defendant's right of recoupment can never be time barred. 2. If the original pleading has stated a cause of action, an amplification, such as an increase in the amount claimed, is not time barred. 3. While there is no definition of "cause of action" that has been adopted for

all causes, certain principles are applied to determine if an amendment amounts to an amplification or a new cause of action. Harmer v. Hulsey, 321 Pa. Super. 11, 467 A.2d 867 (1983); Stulz v. Boswell, 307 Pa. Super. 515, 453 A.2d 1006 (1982); Amoco Oil v. Penn State Aluminum Co., Inc., 20 D. & C. 3d 623 (1981); 5 Standard Pennsylvania Practice 2d §24:42. This last authority provides:

"One test to be applied to the question whether an amended complaint presents a new and different cause of action is whether a judgment would bar any further action on either, whether the same measure of damages supports both, whether the same defense is open to each, and whether the same measure of proof is required. If the answer is in the affirmative, the amendment should be allowed; if not, it should be refused. Proof of the existence of additional facts required to sustain an action as amended is another test for determining whether the amendment introduces a new cause of action. In other words, the test of whether a new cause of action has been introduced is to be found in the answer to the question, did the plaintiff originally so state his cause of action as to show that he had a legal right to recover what he subsequently claims.

It has been recognized, however, that these tests are of limi.ed value; that each case depends on the particular facts and circumstances involved; and that in determining whether an amendment would impermissibly introduce a new cause of action after the statute of limitations has run, the Pennsylvania Supreme Court has not adopted a comprehensive definition of what constitutes a new cause of action." (Footnotes omitted)

It will be necessary to briefly summarize the background of this case to bring these principles into perspective. Plaintiff's original petition alleged,

inter alia, that it had given defendant an irrevocable letter of credit in connection with the insurance agency. There was a balance of $21,572.86 remaining on the letter. Defendant had given notice that it intended to call upon the bank upon which the letter was given to deliver this sum which represented a premium balance of $591.50, a failure to "non renew" a policy of $522.35, collection expenses of $434.01 and losses on unauthorized policies of $20,025.

At this point, we could classify defendant's intentions as being directed at procurement of funds and plaintiff's to prevent such procurement.

Later, when the thrust of the action changed direction and defendant was allowed to draw on the letter, plaintiff sought repayment from defendant. The complaint requested that the court order defendant to pay back the $21,572.86 which defendant had collected as the balance on the letter of credit.

Defendant's answer alleged that it had drawn on the letter's balance to offset "casualty losses on motorcycle insurance issued by plaintiff in violation of the agency agreement in the amount of $20,025." The answer further alleged draws in respective amounts of $434.01, $522.35, and $591.50 making a total draw of $21,572.86.

Defendant incorporated all allegations in the responsive answer in a counterclaim and then added:

"21. For the reasons therein stated, Defendant demands judgment in the amount of $39.20 together with interest; said sum being the difference between $591.50, the original amount claimed by Defendant for runoff business, and $630.70, the actual amount due Defendant for the same."

It would seem that, up until the time the amended answer was filed, defendant treated casualty

losses as a subject of recoupment. This is true despite the fact that the allegations pertaining to the recoupment were incorporated in the counterclaim because no affirmative relief was requested for casualty losses.

There are two possible interpretations that could be given to the manner in which defendant treated the casualty losses. We can view the allegations as stating a cause of action even though no affirmative relief was requested because the amount was already in defendant's hands. We could also view defendant's allegations as being strictly a claim for a recoupment.

Courts in discussing the difference between recoupments (which are not time barred) and setoffs (which may be) emphasize that recoupments are meant only to reduce the size of the award obtained by plaintiff and setoffs are designed to procure affirmative relief. Harmer v. Hulsey, supra.

In this case, it is instructive that defendant did not originally add up all amounts to which it felt entitled, subtract the balance remaining on the letter of credit and demand the balance. By seeking only the difference between the specifically identified items, it appears that defendant limited its counterclaim to a cause of action relating to those items. The particular manner in which this case has evolved lends credence to this interpretation.

In short, we conclude that defendant's increased claim is time barred.

## ORDER OF COURT

And now, this May 2, 1984, the preliminary objections are sustained. The allegations relating to casualty losses shall be considered as a plea for

440

recoupment only. The case is placed back on the trial list and a pretrial conference is scheduled for June 1, 1984, at 1:00 P.M. in Room 411 of the Adams County Courthouse.