ANCHOR MOTOR FREIGHT,
INC., Plaintiff,

v.

RANGER NATIONWIDE,
INC., Defendant.

Civ. A. No. 87–1246.

United States District Court,
W.D. Pennsylvania.

Sept. 16, 1988.

A.J. Plastino, II, Robb Leonard & Mulvihill, Pittsburgh, Pa., R. Raymond Bartholomew, Sharon, Pa., for plaintiff.

Richard Mills, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This action for property damage arises from an apparently spectacular collision between 3 tractor-trailers on an Interstate Highway. Plaintiff owned 2 of those vehicles, which were fully loaded automobile transports. The tractor-trailers all caught fire, destroying them and their cargo. Defendant's driver died in the crash.

Plaintiff filed suit in state court for property damage to its 2 tractor-trailers and cargo, and for other related expenses. Defendant removed the action to Federal court on the basis of diversity. Defendant subsequently filed an Answer to the Complaint which disputes plaintiff's allegation that the negligence of defendant's driver caused the accident, and asserts to the contrary that the negligence of plaintiff's drivers was the cause. Defendant included a Counterclaim, seeking to recover from plaintiff for damages done to defendant's vehicle as a result of the negligence of plaintiff's drivers.

Plaintiff has now filed a motion for Judgment on the Pleadings or for Summary Judgment on the Counterclaim, asserting that Defendant's Counterclaim was filed after expiration of the 2 year limitations period. 42 Pa.C.S.A. § 5524(3). The parties have briefed the issue and after a review of the pleadings, briefs and relevant case law, we conclude that defendant's Counterclaim is barred by the applicable statute of limitations.

The issue is controlled by the decision of the court in *Harmer v. Hulsey*, 321 Pa.Super. 11, 467 A.2d 867 (1983). There the plaintiff filed suit to recover from defendant for personal injuries plaintiff had suffered in an automobile accident. Defendant counterclaimed, seeking to recover for his own injuries suffered in the same accident, allegedly as a result of plaintiff's negligence.

Restating a principle dating at least to the early part of this century, the Court wrote:

We reiterate, therefore, that a counterclaim provoked by the plaintiff's alleged negligence must be raised within the time allotted for an action under the appropriate statute of limitations.

That court also rejected the argument that the counterclaim was merely a "recoupment" and therefore not subject to the bar of the limitations period. As the *Harmer* court explained:

A recoupment involves only the claim averred by the plaintiff and raises no possibility of affirmative relief for the

defendant. A set-off, on the other hand, 'will permit an affirmative judgment for defendant.' *Stulz v. Boswell*, 307 Pa.Superior Ct. 515, [521], 453 A.2d 1006, 1008 (1982). Counterclaims asserted as recoupments have traditionally been permitted, even if raised after the limitations period has run, whereas set-offs will not be permitted if late because a set-off, in effect, raises a new cause of action.

As in *Harmer*, defendant here has asserted a new cause of action in its counterclaim, charging plaintiff with negligence which caused defendant injury. Defendant seeks an affirmative judgment on the Counterclaim in the amount of the damages sustained as a result of plaintiff's alleged negligence. In accord with *Harmer*, such a claim is subject to the 2 year limitations period and is therefore barred.

We note that we had addressed this same question some years ago and reached the same result. *Gumienik v. Lund,* 314 F.Supp. 749 (W.D.Pa.1970) (Weber, D.J.). This decision was cited with approval by the Court in *Harmer*. There we held that "a cause of action which would be barred as an original action because of the statute of limitations, may not be assessed as a counterclaim after the expiration of the statutory period." *Gumienik,* 314 F.Supp. at 751. Linguistically simpler than the recoupment/set-off dichotomy described in *Harmer*, the result is the same. There is no question that, if standing alone as a negligence action, defendant's claim against plaintiff for property damage would be barred by the statute of limitations.

For the reasons stated, judgment will be entered in favor of plaintiff on defendant's counterclaim.