**J.B. HUNT TRANSPORT, INC., Plaintiff,**

v.

**FALCON TRANSPORT CO. and Anton K. Salopek, Defendants.**

**Civ. A. No. 89–2588.**

United States District Court, W.D. Pennsylvania.

Oct. 31, 1989.

P. Brennan Hart, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas & Conaway, P.C., Pittsburgh, Pa., for plaintiff.

Christopher J. Newman and Richard J. Thomas, Henderson, Covington, Stein, Donchess & Messenger, Youngstown, Ohio, for defendants.

## MEMORANDUM OPINION

COHILL, Chief Judge.

Plaintiff, J.B. Hunt Transport, Inc. ("Hunt"), brought this action to recover for damages sustained in the collision of Hunt's tractor-trailer with a tractor owned by defendant Anton K. Salopek ("Salopek") which was pulling a trailer owned by defendant Falcon Transport Company ("Falcon"). The accident occurred on December 24, 1986 on Interstate 80 in Jefferson County, Pennsylvania. This Court has jurisdiction by virtue of the diversity of citizenship of the parties. 28 U.S.C. § 1332. Plaintiff has moved, under Federal Rule of Civil Procedure 12(b), to dismiss counterclaims included by the defendants in their answer, on the ground that the Pennsylvania statute of limitations bars these counterclaims. For the reasons set forth below, we will grant the plaintiff's motion.

Because the language of the counterclaims is germane to this decision, we quote here at some length. Falcon's counterclaim stated as follows:

1. On or about December 24, 1986 in Jefferson County, Pennsylvania, a tractor-trailer owned by Plaintiff and operated by one of its duly authorized employees or agents collided with a tractor owned by Defendant Anton Salopek and a trailer owned by Defendant Falcon Transport Co.

2. The collision was due to the negligence of the employee or agent of Plaintiff.

3. As a result of said collision, the trailer owned by Defendant Falcon Transport Co. sustained damages in the amount of Five Thousand Seven Hundred Eighty-one and 00/100 Dollars ($5,781.00).

WHEREFORE, Defendant Falcon Transport Co. demands judgment against Plaintiff, J.B. Hunt Transport, Inc. in the amount of Five Thousand Seven Hundred Eighty-one and 00/100 Dollars ($5,781.00), plus costs, plus such other and further relief as is necessary and proper in law or equity.

The second counterclaim, that of Salopek, charged that plaintiff's negligence damaged the tractor owned by Salopek "in

an amount in excess of Ten Thousand Dollars ($10,000.00)." It demanded judgment for that amount "plus costs, plus such other and further relief as is necessary and proper in law or equity."

A federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state to determine the appropriate statute of limitations. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Pennsylvania law directs us to apply the Pennsylvania statute of limitations to a claim based on tort law. *Ross v. Johns–Manville Corp.*, 766 F.2d 823, 826 (3d Cir.1985). The applicable Pennsylvania statute bars any action for "injuring personal property" not brought within two years from the date the accident occurred. 42 Pa. Cons. Stat. §§ 5502(a), 5524. This time bar has been held applicable to counterclaims seeking affirmative relief. *Harmer v. Hulsey*, 321 Pa.Super. 11, 467 A.2d 867, 868–69 (1983).

When defendants filed these counterclaims on March 20, 1989, some two years and three months after the accident, the statute of limitations had clearly run. Defendants argue that these counterclaims should be allowed since they are intended as counterclaims for recoupment. Pennsylvania law draws a distinction between a counterclaim that seeks affirmative relief (known as a "set-off") and a counterclaim that "involves only the claim averred by the plaintiff and raises no possibility of affirmative relief" (known as a "recoupment"). *Id.* 467 A.2d at 869. A counterclaim asserted as a recoupment is allowed even after the limitations period has run, while a counterclaim asserted as a set-off is not. *Id.* Defendants contend that their counterclaims should be allowed as claims for recoupment since they concern the same occurrence upon which plaintiff's claim is based and seek merely "to reduce or negate the amount that Plaintiff may recover from Defendants." Defendant's Brief at 4.

We reject defendants' contention for two reasons. First, their counterclaims are clearly phrased to seek affirmative relief. Each one charges the plaintiff with negligence, asserts damages, and "demands judgment" in the amount of the damages listed. Thus, these counterclaims would be considered set-offs under Pennsylvania law since they "raise[ ] the possibility of affirmative relief" for defendant if the accident were proven to be due solely to the negligence of the plaintiff. *Harmer*, 467 A.2d at 869. In a recent case presenting this same issue, the late Judge Gerald J. Weber, of this Court, entered judgment in favor of plaintiff on counterclaims brought by the defendant after the statute of limitations had run. *Anchor Motor Freight, Inc. v. Ranger Nationwide, Inc.*, 694 F.Supp. 1198 (W.D.Pa.1988).

Second, it appears to this Court that a counterclaim for recoupment in a tort case would be functionally equivalent to the affirmative defense of contributory negligence. Both attempt to reduce plaintiff's recovery without seeking affirmative relief for the defendant. Since defendants in this case have asserted the negligence of plaintiff in their answer as an affirmative defense, it would be redundant to attempt to achieve the same result twice with counterclaims for recoupment.

This Court finds that defendants' counterclaims are barred by the statute of limitations under Pennsylvania law since they obviously seek affirmative relief for defendants. Because it is clear on the face of defendants' answer that the statute of limitations had run on their counterclaims against plaintiff, Rule 12(b)(6) is an appropriate mechanism to dismiss defendants' counterclaims. *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357.

### ORDER

AND NOW, to wit, this 31st day of October, 1989, it is ORDERED, ADJUDGED and DECREED that for the foregoing reasons plaintiff J.B. Hunt Transport's Motion to Dismiss Counterclaims with prejudice be and hereby is GRANTED.