**PERFECT PLASTICS INDUSTRIES, INC., a Pennsylvania corporation, Plaintiff,**

**v.**

**CARS & CONCEPTS, INC. a Michigan corporation, and Spoilers Plus, Inc., a New York corporation, Defendants.**

**Civ. A. No. 89–0752.**

United States District Court, W.D. Pennsylvania.

Feb. 28, 1991.

---

Paul D. Kruper, Pittsburgh, Pa., for plaintiff.

Douglas E. Cameron, Joseph T. Moran, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

LEE, District Judge.

Plaintiff appeals from the order of United States Magistrate Judge Benson dated the 31st day of January, 1991 granting defendants' Motion for Leave to Amend Answer.

Plaintiff, Perfect Plastics Industries Inc., is engaged in the business of manufacturing plastic, molded automobile accessories. Defendants, Cars and Concepts, Inc. and Spoilers Plus, Inc., produce and sell automobile component parts to original equipment manufacturers and after-market consumers.

On the 12th day of April, 1989, plaintiff filed a Complaint alleging that both defendants breached contracts with plaintiff by failing to pay for items delivered, and by failing to accept delivery of items previously ordered under contract. Defendants filed an Answer on the 14th day of June, 1989, alleging that plaintiff failed to provide a product that conformed to specifications, was of proper quality, or was in sufficient quantity. Defendants further assert that they were entitled to a set-off for the defective goods and for any loss of business suffered as a result of plaintiff's delivery of such defective products.

Defendants filed a Motion for Leave to Amend Answer to Add Counterclaims pursuant to Fed.R.Civ.P. 13(f). Defendants seek to add claims for fraud and breach of contract, alleging that plaintiff misrepresented its ability to meet its contractual obligations during the contract negotiations, and that plaintiff breached the contract with regard to the quantity and quality of goods delivered. Plaintiff has objected to the proposed amendments, contending that they are untimely, and that defendants' claim for fraud is barred by the statute of limitations. For the reasons that follow, the order of the Magistrate Judge will be affirmed and defendants shall be permitted to amend to add counterclaims.

Defendants have filed their motion pursuant to Rule 13(f). Rule 13(f) provides as follows:

When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of the court set up the counterclaim by amendment.

Defendants do not assert that the failure to assert the counterclaims for more that one and one-half years was due to "oversight, inadvertence, or excusable neglect." It is asserted however, that the amendment to include counterclaims should be allowed as justice requires such a result.

"The clause in Rule 13(f) permitting amendments 'when justice requires' is es-

pecially flexible and enables the court to exercise its discretion and permit amendment whenever it seems desirable to do so." 6 Wright Miller & Kane, *Federal Practice and Procedure* § 1430 at 219 as quoted in *Budd Co. v. Travelers Indemnity Co.*, 820 F.2d 787, 791–92 (6th Cir.1987).

In assessing whether to grant a defendant leave to amend its answer to add a counterclaim, a court should consider whether the counterclaim is compulsory, whether the pleader has acted in good faith and has not unduly delayed filing the counterclaim, whether undue prejudice would result to the plaintiff, or whether the counterclaim raises meritorious claims. *See Northwestern National Insurance Company of Milwaukee v. Alberts*, 717 F.Supp 148, 153 (S.D.N.Y.1989), *Index Fund, Inc. v. Hagopian*, 91 F.R.D. 599, 606 (S.D.N.Y. 1981). When claims are compulsory under Fed.R.Civ.P. 13(a)[1], the argument for allowing amendment is "especially compelling." *See Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir.1975). This is so because an omitted compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated. 6 Wright Miller & Kane, *Federal Practice and Procedure* § 1430 at 223 (1990).

Since the factual basis for the counterclaims was either asserted as affirmative defenses in their Answer, or was within the knowledge of the defendants at the time the Answer was filed, it is apparent that the counterclaims were available to the defendants at the time of such filing. It is obvious, therefore, that the defendants could have avoided the delay by timely filing, however, "[t]he mere passage of time between an original filing and an attempted amendment is not a sufficient reason for the denial of the motion." *Spartan Grain, supra.* 517 F.2d at 220.

Plaintiff has failed to assert how it will be prejudiced by the defendants' delay in filing the counterclaims. Though plaintiff's brief alludes to a new wave of discovery, it is difficult to imagine that such discovery was unforseen in light of the defenses asserted in defendants' Answer. In all likelihood, the questions raised by the counterclaims would, in any event, be litigated in the action as defenses. This Court is also unable to find that the defendants acted in bad faith in their delay.

Courts appear particularly hesitant to deny amendment, even at late stages in the proceedings, when the interest in resolving all related issues militates in favor of such a result and no prejudice is demonstrated. *Budd Co. v. Travelers Indemnity Co., supra*, 820 F.2d at 792. Because defendants will lose the opportunity to litigate their counterclaims if they are not brought in the present action, and to remain consistent with the goal of the Federal Rules of resolving disputes, insofar as possible, on the merits and in a single proceeding, See *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), defendants shall be granted leave to amend their Answer to add the compulsory counterclaims.

Plaintiff's final contention is that defendants' first counterclaim of fraud is based upon events which occurred in 1988, and should be barred by Pennsylvania's two-year statute of limitations period. 42 Pa.C.S.A. § 5524. Plaintiff relies upon *Gumienik v. Lund*, 314 F.Supp. 749 (W.D. Pa.1970) in which the court found "no authority under Fed.R.Civ.P. 13(f) to allow the assertion of an affirmative counterclaim after the bar of the statute of limitations." The District Court held that the general rule in Pennsylvania was that a cause of action which would be barred as an original action, because of the statute of limitations, may not be asserted as a counterclaim after the expiration of the statutory period. *Gumienik v. Lund, supra.*,

---

1. It is not disputed that the counterclaims asserted are compulsory under Fed.R.Civ.P. 13(a). Rule 13(a) provides in relevant part:
   A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing par-

ty, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction....

314 F.Supp. at 751. A similar stance was taken by the Sixth Circuit in *Stoner v. Terranella*, 372 F.2d 89 (6th Cir.1967). There the court ruled that Rules 13(f) and 15(a) were mutually exclusive, and since Rule 15(c) is applicable only to amendments made pursuant to Rule 15(a), amendments made pursuant to Rule 13(f) do not relate back to the original proceedings. *Id.* at 91.

Fed.R.Civ.P. 15(c) provides, in pertinent part, as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading.

Fed.R.Civ.P. 13(f), however, is silent on the matter of relation back. Such silence should not be construed as authority to disallow the assertion of a counterclaim after the bar of the statute of limitations. Rule 13(f) is also silent on other practices clearly allowable under Rule 15. The Second Circuit in *Banco Para el Comercio Exterior de Cuba v. First National City Bank*, 744 F.2d 237 (2nd Cir.1984) used the following as an example:

> Rule 13(f) states that an omitted counterclaim may be added by amendment "by leave of the court"; it is silent as to whether it may ever be added without leave of the court. Yet we would not construe this silence to forbid the amendment of an answer, pursuant to Rule 15(a),[2] to add a counterclaim within 20 days of the service of the answer without leave of the court.

*Id.* at 243.

The court in *Banco Para el Comercio* went on to rule that a counterclaim amended pursuant to Rule 13(f) may relate back to the date of the original answer when the counterclaim arises out of the same transaction that was pleaded in the answer and there is no prejudice to the opposing party's ability to defend the merits of the counterclaim.

This court is in agreement with the Second Circuit and the approach taken by the leading commentators, see 6 Wright Miller & Kane, *Federal Practice and Procedure* § 1430 (1990), that it is more sensible to construe the two rules together.

> The better approach is to construe both rules together so that Rule 13(f) supplements the general provisions of Rule 15 by setting forth a particular standard for allowing the late assertion of omitted counterclaims. Once the standard set forth in Rule 13(f) is satisfied and leave of court to set up the omitted counterclaim by amendment has been granted, the remaining provisions of Rule 15 should be fully applicable and the amendment should relate back if it meets the test provided by Rule 15(c).

6 Wright Miller & Kane, *Federal Practice and Procedure* § 1430 at 228 (1990).

We have found above that the fraud claim already meets the requirements of Rule 13(f), therefore the provisions of Rule 15(c) will be applied for purposes of relation back. It is clear that the allegation of fraud in the inducement of the contract arises from the same transaction as alleged in the Answer. The fraud counterclaim, therefore, relates back to the filing of the Answer in June of 1989, and the two-year statute of limitations as provided by Pennsylvania Law, 42 Pa.C.S.A. § 5524, does not bar the counterclaim which is based upon activities that occurred in 1988.

For the above-stated reasons, the following order is entered:

## ORDER OF COURT

AND NOW, this 7th day of March, 1991, it is hereby

ORDERED that plaintiff's appeal of the Order entered by the Magistrate Judge on the 31st day of January, 1991, is DENIED, and defendants' Motion for Leave to

---

**2.** Fed.R.Civ.P. 15(a), in pertinent part, reads as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.

Amend Answer to Add Counterclaims is GRANTED.