**Continental Casualty Company v.
C.R. England Trucking Inc.**

C.P. of Berks County, no. 04-16588.

*Aaron Byrd-Leitner,* for plaintiffs and counterclaim defendants, Continental Casualty Company, a/s/o Estep Express Inc. and Estep Express Inc.

*Dawn L. Jennings,* for defendants C.R. England Trucking Inc. and Trongale.

LASH, *J.,* April 7, 2006—The matter before this court is the motion for summary judgment of counterclaim defendants, continental Casualty Company, a/s/o Estep

Express Inc., and Estep Express Inc. (counterclaim defendants), on the counterclaim filed by C.R. England Trucking Inc. and Gregory Trongale (counterclaim plaintiffs). The motion alleges that counterclaim plaintiffs failed to file the counterclaim within the applicable statute of limitations. For reasons set forth herein, we grant the motion of counterclaim defendants and dismiss the counterclaim.

The within action was commenced on November 15, 2004 by counterclaim defendants as plaintiffs who filed a complaint alleging property damage resulting from an automobile collision involving the parties and occurring on February 23, 2003. The property damage claim exceeded $50,000. Counterclaim defendants served the complaint on counterclaim plaintiffs by certified mail[1] on November 15, 2004. The date the complaint was received by counterclaim plaintiffs is not clear from the record but it was no later than December 13, 2005, for counterclaim plaintiffs admit requesting an extension to respond to the complaint at that time.[2] According to counterclaim plaintiffs, counterclaim defendants granted an "open extension to file a response to the complaint." On March 11, 2005, counterclaim plaintiffs filed an answer to the complaint, which included a counterclaim alleging, inter alia, that counterclaim defendants negligently caused the accident, and

---

1. Service by certified mail was permitted under Pa.R.C.P. 403 and 404, as both counterclaim plaintiffs were located outside the Commonwealth.

2. [Counterclaim plaintiffs'] brief in response to [counterclaim defendants] Continental Casualty Company, a/s/o Estep Express Inc. and Estep Express Inc.'s motion for summary judgment, p. 2.

that counterclaim plaintiffs incurred property damages as a result of said negligence.

The within motion for summary judgment was filed on October 17, 2005. This matter was praeciped for argument for March 10, 2006, but the parties then agreed, in lieu of argument, for the matter to be submitted on briefs.

The applicable statute of limitations is found in 42 Pa.C.S. §5524(3) where it states: "The following actions and proceedings must be commenced within two years: . . . (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof."

Counterclaim plaintiffs' counterclaim was filed more than two years after the cause of action accrued. Counterclaim plaintiffs cannot contend that they were somehow delayed by or prejudiced by the timing of the filing of counterclaim defendants' complaint. For one, counterclaim plaintiffs' action existed from the time of the accident and is a claim for property damage independent of the claims raised by counterclaim defendants in their complaint. Secondly, there was ample time after service of the complaint to file the counterclaim prior to the expiration of the statute of limitations.

The case of *Harmer v. Hulsey*, 321 Pa. Super. 11, 467 A.2d 867 (1983), is controlling. In that case, the counterclaim defendant as plaintiff instituted suit against the counterclaim plaintiff on August 24, 1981 to recover for injuries received in a September 21, 1979 motor vehicle accident. Counterclaim plaintiff was served with the com-

plaint on September 8, 1981. Counterclaim plaintiff filed an answer and a counterclaim on September 30, 1981, alleging damages resulting from his own injuries sustained in the accident. Counterclaim defendant filed a motion for judgment on the pleadings, which was granted by the trial court.

In affirming on appeal, the Superior Court pointed out that the counterclaim plaintiff was entitled to the same two-year period as counterclaim defendant to bring an action for damages for injuries arising from the accident. The court stated: "A cause of action raised as a counterclaim may be potentially as stale as a cause of action asserted in an original complaint[s] . . . . The purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *Harmer, supra* at 14, 467 A.2d at 869. (citation omitted)

The Superior Court in *Harmer* also distinguished between a counterclaim that is a recoupment and one that is a setoff. A recoupment is a response to the claim raised in the original complaint and raises no possibility of affirmative relief for a defendant. As simply a response, the recoupment may be filed after the statute has run. A setoff, on the other hand, raises, in effect, a new cause of action, and can result in a separate judgment being entered in favor of the counterclaimant. The *Harmer* court concluded that a counterclaim provoked by the alleged negligence of a plaintiff is a new cause of action and must be raised within the time permitted under the statute of limitations.

Counterclaim plaintiffs argue that they were granted an indefinite extension of time to file a response by counterclaim defendants. They urge that the granting of additional time extended to the filing of a counterclaim as well. This contention does not pass muster. The extension was granted for the purpose of filing a response. Nothing in the record suggests that counterclaim defendants were even aware of counterclaim plaintiffs' property damage claim, nor responded in any way that would suggest a waiver of the statute of limitations to that claim.

For reasons already set forth, there was no prejudice by any of the actions taken by counterclaim defendants. Counterclaim plaintiffs had the ability to process the property damage claim within the applicable statute of limitations, and failed to do so. Accordingly, we enter the following order:

## ORDER

And now, April 7, 2006, upon consideration of the motion for summary judgment of Continental Casualty Company, a/s/o Estep Express Inc. and Estep Express Inc., on the counterclaim filed by C.R. England Trucking Inc. and Gregory Trongale, response thereto, and briefs filed by the parties, said motion is granted. Judgment is entered in favor of Continental Casualty Company, a/s/o Estep Express Inc. and Estep Express Inc., as counterclaim defendants, and against C.R. England Trucking Inc. and Gregory Trongale, as counterclaim plaintiffs, on the counterclaim filed by C.R. England Trucking Inc. and Gregory Trongale.

## ADDENDUM TO DECISION AND ORDER, SCOTT E. LASH, JUDGE, APRIL 11, 2006

The court has discovered a typographical error in its decision and order entered April 7, 2006. The error appears on page 376 on the nineteenth line. The date of December 13, 2005 should read December 13, 2004. This error was transposed from the brief of counterclaim plaintiffs in response to the motion for summary judgment on page two.