**CHELSEA HOUSE NORTH APARTMENTS, LLC, Liberty Heights Properties, LLC, Plaintiffs,**

v.

**Isaac BLONDER, Defendant and Counter Plaintiff,**

v.

**Chelsea House North Apartments, LLC, Liberty Heights Properties, LLC, Counter Defendants.**

**No. CIV. RDB 04–1384.**

United States District Court, D. Maryland, Northern Division.

Sept. 2, 2004.

Charles M. Kerr, Kerr McDonald LLP, Baltimore, MD, for Plaintiffs.

Anthony Michael Conti, Law Office of Anthony M. Conti Redwood Tower, Hugh Marbury, Piper Rudnick LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

BENNETT, District Judge.

Before this Court is Defendant and Counter–Plaintiff Isaac Blonder's ("Blonder") Motion for Leave to File an Amended Answer and Counterclaim and a Third–Party Complaint against Madison Realty, N.J., LLC ("Madison Realty"). Plaintiffs and Counter–Defendants, Chelsea House North Apartments, LLC ("Chelsea House") and Liberty Heights Properties, LLC ("Liberty Heights") do not oppose Blonder's amendments to his Answer and Counterclaim. Those parties do, however, oppose Blonder's request to file a third-party action against Madison Realty. Chelsea House and Liberty Heights contend that the third-party complaint is improper under Federal Rule of Civil Procedure 14(a). Because the claim "arises out of the same transaction" as the subject matter of the Complaint, they argue that Blonder's claim against Madison Realty is properly a compulsory counterclaim governed by Federal Rule of Civil Procedure 13(a). As such, they argue that the claim is now barred because Blonder was required to assert it in the original Counterclaim. The parties have submitted memoranda on the issue, and no hearing is necessary. *See* Local Rule 105.6 (D. Md.2004). For the reasons that follow, Defendant Blonder's Motion is GRANTED in all respects and he shall be granted leave to file an amended answer and an amended counterclaim, pursuant to Rule 13(a), which shall include the claim against Madison Realty, which was previously filed as a third-party complaint.

## BACKGROUND

Plaintiffs Chelsea House and Liberty Heights allege that Defendant Blonder breached contracts for the sale of real estate and negligently misrepresented facts concerning improved real property apartment

complexes in the City of Baltimore known as 5018–5032 Denmore Avenue and 2861–2871 Edgecombe Circle North. Defendant Blonder filed a two-count Counterclaim against Chelsea House and Liberty Heights alleging negligent misrepresentation and intentional misrepresentation with respect to the two apartment complexes and the contracts of sale. That counterclaim specifically references Madison Realty as an agent and broker of Chelsea House and Liberty Heights. Apart from moving to amend his Answer and Counterclaim, Blonder now seeks to file a Third–Party Complaint against Madison Realty based on information which Madison Realty's representatives provided to Blonder in connection with the real estate contracts.

Blonder's Counterclaim essentially alleges that the misrepresentations were disseminated through Madison Realty, which was acting as a broker and agent for Chelsea House and Liberty Heights. In their Answer to Blonder's Counterclaim, Plaintiffs and Counter–Defendants deny that they provided Madison Realty with any false information. Blonder argues that this denial calls the agency relationship between the various entities into question and, therefore, renders the real estate company a "necessary party" which Blonder seeks to add as a third-party defendant. Blonder's claim against Madison Realty clearly arises out of the same facts giving rise to the subject Complaint and is the identical subject matter of Plaintiffs' claim.

## STANDARD OF REVIEW

Pursuant to Rule 14(a), a "third-party claim may be asserted under 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim". 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1446 (3d ed.1998 and 2004 Supp.). Rule 13(a) provides, "[a] counterclaim that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim is compulsory and falls under Rule 13(a)." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1409 (3d ed.1998). A compulsory counterclaim must be asserted in the pending case and a failure to assert

such a counterclaim will bar any later assertion of the claim. *Id.*

The United States Court of Appeals for the Fourth Circuit has established a series of tests to determine if a counterclaim is compulsory. *See Sue & Sam Mfg. Co. v. B–L–S Const. Co.,* 538 F.2d 1048, 1051–53 (4th Cir. 1976). In *Painter v. Harvey,* the Fourth Circuit summarized the "four inquiries to determine if a counter claim is compulsory" that the court first enumerated in *Sue.* 863 F.2d 329 (4th Cir.1988). The four inquiries include:

(1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would *res judicata* bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? And (4) is there any logical relationship between the claim and the counterclaim?

*Id.* at 331. The *Painter* court specifically noted that a "court need not answer all these questions in the affirmative for the counterclaim to be compulsory." *Id.*

## ANALYSIS

■ Blonder seeks leave to file a Third–Party Complaint against Madison Realty because he claims that the responses provided by Chelsea House and Liberty Heights create new doubts about the existence of an agency relationship between Madison Realty and the two companies. In the absence of such a relationship, which was apparently assumed heretofore, Blonder argues that it is imperative to bring Madison Realty into this action as an independent company. Without citing *any* case authority to this Court, Blonder argues that his complaint against Madison Realty is properly filed as a third-party complaint because Madison Realty would be liable to indemnify him for any recovery by Chelsea House and Liberty Heights. This position is without merit. Pursuant to Rule 14(a), a third-party claim can be asserted only when the third-party's liability is in some way dependent on the original action. 6 Wright, Miller & Kane § 1446. There are absolutely no facts indi-

cating that Blonder can assert that Madison Realty would be derivatively liable to Chelsea House and/or Liberty Heights. His allegation is that Madison Realty would be liable to him for negligent misrepresentation. The identical allegation is also made by Blonder against Chelsea House and Liberty Heights. Accordingly, Blonder's claim against Madison Realty must be evaluated as a counterclaim under Rule 13.

■ The precise question then becomes whether a counterclaim against Madison Realty is compulsory or permissive under Rule 13. The four tests, suggested by the Fourth Circuit in *Sue*[1] and *Painter*[2], were recently applied by Judge Blake of this Court in *Harrison v. Grass*, 304 F.Supp.2d 710 (D.Md. 2004).[3] While all four tests need not be answered in the affirmative for a counterclaim to be considered compulsory, an analysis of the facts in this case clearly indicates affirmative answers to three of the four areas of inquiry. The claim against Madison Realty is, therefore, a compulsory counterclaim. *See Painter*, 863 F.2d at 331.

First, the issues of fact and law raised in the Complaint and the Counterclaim are essentially the same. As recognized in *Painter*, "there is an underlying thread to [the complaint and the counterclaim] in this case: evidentiary similarity". 863 F.2d at 331. The Complaint and Counterclaim both involve the same evidence with respect to the negotiations and representations relating to the same two Baltimore apartment complexes. Second, the same questions of fact, credibility of witnesses and application of law to the facts are present in both competing claims. Third and finally, there is a strong "logical relationship" between the complaint and the counterclaim. As noted in *Harrison*, there would be a "duplication" of evidence if the claims were to be viewed separately. 304 F.Supp.2d 710, 713. The "general purpose"

of the compulsory counterclaim mandates of Rule 13(a) is "to have all related actions heard at one time". *Painter*, 863 F.2d at 334.[4]

In light of the clear evidence before this Court casting his claim against Madison Realty as a compulsory counterclaim under Rule 13(a), Blonder cites the provisions of Rule 13(f). That rule provides that a pleader may, by leave of court, file a counterclaim by amendment, if the failure to assert the counterclaim was omitted "through oversight, inadvertence, or excusable neglect, or when justice requires". *See* discussion 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1430 (3d ed.1998). Chelsea House and Liberty Heights argue that Rule 13(f) provides no safety valve for Blonder as there was no "justification" for his failure to include Madison Realty in his counterclaim. They further argue that justice does not require the granting of leave in light of this Court's discovery schedule and the previously entered Scheduling Order.

However, the narrow interpretation of Rule 13(f) presented by Chelsea House and Liberty Heights ignores the implications of this Court's determination that the claim against Madison Realty in this case is a compulsory counterclaim. It has been aptly noted that:

> ... when the omitted counterclaim is compulsory, the reasons for allowing its introduction by amendment become even more persuasive, since an omitted compulsory counterclaim cannot be asserted in subsequent cases (at least in the federal courts) and the pleader will lose the opportunity to have the claim adjudicated.

6 Wright, Miller & Kane § 1430 at 223. This principle of great latitude in the granting of leave to amend a Rule 13(a) *compulsory* counterclaim is well recognized. *See Cabana*

1. 538 F.2d at 1051–53.

2. 863 F.2d at 331.

3. In that case Judge Blake determined that the counterclaim was compulsory under Rule 13(a), therefore, falling within the supplemental jurisdiction of this Court. *Harrison*, 304 F.Supp.2d 710.

4. "Compulsory counterclaims also have appeared in numerous actions involving real property ... When the same contract serves as the basis for both the claims and the counterclaims, the logical relationship standard also has been satisfied." 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1410, 67–68 (3d ed.1998).

*v. Forcier,* 200 F.R.D. 9, 13 (D.Mass.2001) (counterclaim was appropriately filed six months after answer arising out of the same facts); *Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc.,* 758 F.Supp. 1080, 1082 (W.D.Pa.1991) ("when claims are compulsory under Fed.R.Civ.P. 13(a), the argument for allowing amendment is 'especially compelling'") (citing *Spartan Grain & Mill Co. v. Ayers,* 517 F.2d 214, 220 (5th Cir.1975)). In *Pioneer Investment Services Co. v. Brunswick Assoc., Ltd. Partnership,*[5] the Supreme Court noted in *dicta* that:

> [i]n assessing what constitutes "excusable neglect" under Rule 13(f), the lower courts have looked, *inter alia,* to the good faith of the claimant, the extent of delay, and the danger of prejudice to the opposing party. (Citations omitted.)

507 U.S. at 392, n. 10, 113 S.Ct. 1489.

■ Applying these principles to the instant case, there is no indication of prejudice to the Plaintiffs except for the extension of discovery in the case and a revision of the Scheduling Order. Given Blonder's basic allegations against Chelsea House and Liberty Heights, discovery concerning the agency relationship (or lack thereof) of Madison Realty is clearly anticipated by the parties. There is no indication of bad faith on the part of Blonder, who will lose his opportunity to present his complaint against Madison Realty if it is not brought in the pending action. The Supreme Court has instructed that motions to amend should be "freely given" unless the court finds specific circumstances rendering such amendments unjust. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). This Court finds no such circumstances here, and Defendant and Counter–Plaintiff Blonder shall, therefore, be granted leave to amend his Answer to add a compulsory counterclaim against Madison Realty.

### CONCLUSION

For the reasons stated above, the Motion of the Defendant and Counter–Plaintiff for Leave to Amend to Add Claims against Mad-ison Realty, N.J., LLC is GRANTED. A separate Order follows.

### ORDER

In accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED this 2nd day of September 2004, that the Motion of Defendant and Counter–Plaintiff for Leave to Amend to Add Claims against Madison Realty N.J., LLC (Paper No. 17) is GRANTED.

---

**5.** 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).